## EMANUEL ROY V. THE STATE.

### *No. 565.   Decided April 6.*

**Theft—Charge of the Court.**—Where, on a trial for the theft of seed cotton, the evidence did not show that appellant was in possession of the identical property stolen, and the owners of the same did not identify or claim the property found in possession of defendant, *Held*, error to charge the jury in regard to personal, recent, exclusive, and unexplained possession of the property. In order to authorize such a charge, the defendant should be found in possession of the alleged stolen property.

APPEAL from the District Court of McLennan. Tried below before Hon. SAM R. SCOTT.

The appellant was convicted of theft of property under the value of $20, and his punishment assessed at a fine of $100 and confinement in the county jail for one day. The opinion states the facts sufficiently.

*Richard I. Munroe,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of theft of seed cotton. The evidence discloses, that at night, and from a field, about 1000 pounds of seed cotton was taken by two or more persons, and hauled away in a wagon. Wagon tracks led from the scene of the theft .to the residence of appellant, where a wagon was found, with evidence indicating that it had been used very recently. The facts strongly tend to show that it was the vehicle used by the thieves in conveying the seed cotton from the place of the theft. The owners of the stolen seed cotton found seed cotton in appellant's house, but testified they could not identify it, and could not claim it, and in amount it was much less than the quantity stolen. They said to appellant that his wagon had hauled away their seed cotton. He became angered, and asked if they intended to charge him with the theft, and in reply received a negative answer. Testifying in his own behalf, appellant denied the theft and all knowledge of it.

The court charged the jury, that if they believed the property "alleged in the indictment to have been stolen, if stolen, was recently thereafter found in the possession of the defendant, and that the circumstances connected with his possession when first called upon were of such a character as to demand of him an explanation of his possession, and he failed or refused to make such explanation, then I charge you that, before you could be warranted in finding him guilty from such circumstances of possession alone, you must be satisfied that his possession was personal, was exclusive, was recent, was unexplained, and that it involved a distinct and conscious assertion of property by the defendant; that, if either of these constituents are wanting, the defendant is entitled to be acquitted."

Error is assigned upon this charge, and it was urged as a ground for new trial in the court below. We have stated the evidence in this connection, and, as the record is presented to us, there is no evidence that appellant was seen in possession of the stolen seed cotton. That he may have stolen the seed cotton the night before might be inferred from the fact that a wagon was traced from the scene of the theft to his house, and is a circumstance against him. But this did not authorize the charge given in regard to personal, recent, exclusive, and unexplained possession of the seed cotton. In order to authorize such a charge, the accused should be found in the personal possession of the alleged stolen property. This charge injects into the case and submits an issue not made by the evidence as presented by the record, and one of most damaging effect against appellant. If he had been found in possession of the seed cotton on the morning succeeding the theft, and at the time the owners were at his house, it would have been a most potent and cogent fact against him, and would have rendered his guilt almost, if not quite, conclusive. But the witnesses, the owners of the stolen property, stated they could not identify the seed cotton they saw as theirs, and that it was' much less in amount than that lost by them, and they did not even claim it. Possession of the property was charged upon as a fact against appellant, whereas it was not only not shown, but excluded, by the evidence.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

HURT, Presiding Judge, absent.