### DICK HILLIGAS V. STATE OF NEBRASKA.

FILED JUNE 23, 1898. No. 9998.

Larceny: CONVICTION. The evidence in this case examined, and *held* insufficient to sustain the verdict of the jury.

ERROR to the district court for Merrick county. Tried below before ALBERT, J. *Reversed.*

*W. T. Thompson,* for plaintiff in error.

*C. J. Smyth, Attorney General,* and *Ed P. Smith, Deputy Attorney General,* for the state.

RYAN, C.

In the district court of Merrick county plaintiff in error was convicted upon a charge of larceny of three calves, and was thereupon sentenced to imprisonment in the penitentiary at hard labor for the period of three and one-half years.

H. Wieger was the owner of seventeen calves previous to and on May 26, 1897. From these, three were stolen in the night-time between May 25 and May 26, 1897. Two days afterward Wieger found these three calves in the possession of Mr. McGinley, who had, on said May 26, purchased them, with four others, from one Charles Gregory. Mr. Wieger resided at that time in Merrick county and Mr. McGinley resided in Buffalo county about sixty miles westward from Mr. Wieger's residence. About May 14, 1897, Hilligas, the plaintiff in error, was hired by George Fleebe, a farmer living six and one-half miles eastward from the farm of Mr. McGinley. At that time, and previously, Charles Gregory was likewise an employé of Mr. Fleebe. On May 24, 1897, Gregory contracted to sell and deliver to McGinley seven calves, which were to be of a stated description. On that same day plaintiff in error, accompanied by Gregory, drove a team owned by plaintiff in error eastward from the farm

of Mr. Fleebe. One of the horses composing this team was of a dark color and the other black. The wagon had a double top box and the harness was a heavy double harness. In the further progress of the evidence this team, wagon, and harness were described by each witness, by whom they were referred to in the above descriptive terms, and we may therefore assume the identity thereby indicated. In the afternoon of May 25, 1897, plaintiff in error, with the above described outfit, and accompanied by some unknown person, drove northward along the farm of H. Wieger. On the morning of May 26, 1897, at about half past seven o'clock, plaintiff in error was seen driving westward on a road a mile north of the road running along the farm of McGinley and at a point seven miles east of the east line of McGinley's farm prolonged northward. At this time plaintiff in error was accompanied by another person, not identified, but who was not Gregory. At this time plaintiff in error had in the wagon only three calves—at least the witness who testified as to this circumstance saw but three. If these had corresponded in description with the three sold to McGinley on the same day by Gregory, the connection of the plaintiff in error with the larceny might have been satisfactorily established. The testimony of the witness just referred to, however, was that the three calves he saw in the wagon were red and white spotted. The calves which were stolen from Mr. Wieger were by him described as follows: "One roan bull calf, one a black heifer calf, and the third a dark steer calf." The seven calves which Gregory had contracted to sell were delivered by him to Mr. McGinley in the afternoon of May 26, 1897. There was no one with him at the time, and on the following day he and the plaintiff in error were seen together eating lunch near a stream, wherein they explained they were about to fish. The team, wagon, and harness above referred to were with Gregory and plaintiff in error on this occasion. The above is a complete synopsis of the evidence which tended to in-

criminate the accused, and while some of it tends to the justification of suspicions of his complicity, we do not think there was sufficient to remove every reasonable doubt upon that point. If the three calves seen by Carr in the possession of the accused had been of the description of those stolen, a very strong showing would have been made, but there was a discrepancy which was irreconcilable. There was no proof that with the three calves seen by Carr in the wagon there were others, from which fact the jury logically, or otherwise, could assume that all seven might have been in the wagon and that Carr saw some of those not stolen from Wieger. Again, there was no testimony that some of the calves purchased by McGinley of Gregory were spotted red and white. Perhaps if the description of the calves seen by Carr corresponded with the description of some of those sold to McGinley this would not have been sufficient to justify an assumption that the accused had assisted in the larceny of a still different description of calves, to-wit, those stolen from Wieger; but it would have shown, at least, that the defendant was engaged in a common, unlawful enterprise with Gregory. For the reasons above given we are of the opinion that the verdict was without the support of sufficient evidence to sustain it, and accordingly the judgment of the district court is reversed.

REVERSED AND REMANDED.