(July 28, 1900.)

## STATE v. SEYMOUR.

[61 Pac. 1033.]

GRAND LARCENY—INSUFFICIENCY OF EVIDENCE—FLIGHT OF DEFENDANT.—The flight of the defendant after he had been arrested and held to answer, is not conclusive evidence of his guilt, while flight is very strong evidence of his guilt, it is open to explanation.

POSSESSION OF THE STOLEN PROPERTY.—The possession of stolen property unexplained is evidence of guilt. But where a reasonable explanation is given, and there is no conflict of evidence in regard thereto, and the witness is not impeached, the jury cannot arbitrarily ignore such evidence.

PRESUMPTION OF INNOCENCE.—Before a legal conviction can be had, the state must have established the accused person's guilt of the crime charged by legal evidence, and beyond a reasonable doubt; until that is done, the presumption of innocence is an absolute shield to the defendant.

(Syllabus by the court.)

APPEAL from District Court, Fremont County.

Hawley, Puckett & Hawley and Caleb Jones, for Appellant.

There is absolutely no evidence to sustain the verdict, and it must be presumed to have been rendered under the influence of passion and prejudice, and should be set aside. (State v. Nesbit, 4 Idaho, 548, 43 Pac. 66; State v. Crump, 5 Idaho, 166, 47 Pac. 814; State v. Mason, 4 Idaho, 543, 43 Pac. 63.) Section 7057 of our Penal Code is in effect section 496 of the California code. The supreme court of California holds that receiving stolen property is a distinct and specific offense under that section, and that although a defendant may receive stolen property and assist in disposing of it for the benefit of himself and the real thief, he cannot be convicted either of larceny or as an accessary after the fact, but must be tried for the offense of receiving the stolen property only. (People v. Stakem, 40 Cal. 599; People v. Fagan, 98 Cal. 230, 33 Pac. 60; People v. Maxwell, 24 Cal. 14; People v. Ribolsi, 89 Cal. 492, 26 Pac. 1082; People v. Avila, 43 Cal. 196.) Larceny must be with the intent to steal the property of another. not the

intent to deprive the owner thereof. (*Mason v. State,* 32 Ark. 328; *Hart v. State,* 57 Ind. 102; *Corn v. Hard,* 123 Mass. 438; Idaho Rev. Stats., sec. 7045.)

Samuel H. Hays, Attorney General, for the State, cites no authorities upon the points decided.

Per CURIAM.—The defendant was convicted of the crime of grand larceny, and from the judgment of conviction and from the order denying a new trial this appeal is taken. The defendant was arrested upon a charge of grand larceny, in the stealing of a certain head of livestock. He had a preliminary examination before a committing magistrate, upon which he was committed to appear and answer any indictment or information that might be filed against him upon said charge at the next term of the district court. Defendant gave bail for his appearance at the district court. At the next term of the district court an information was regularly filed by the county attorney against the defendant, charging him with the crime for which he had been held to answer. At the next term of the district court the defendant failed to appear and answer, and his bail was forfeited. A reward for his apprehension was offered, and he was subsequently arrested in the northern part of the state, and was brought to trial, upon which trial he was convicted of the crime of grand larceny, and duly sentenced for a term of years in the state penitentiary.

There are four specifications of error assigned in the brief of the appellant, the first of which is, to wit, "that the evidence was insufficient to justify the verdict," etc. These facts seem to be established by the evidence: The identity of the animal alleged to have been stolen. That said animal was slaughtered by or for the defendant, and by his direction. Much of the transcript is taken up with evidence going to prove the possession of the animal and its slaughter by defendant—a fact which does not appear to have been contested or denied by defendant.

The only question remaining is, Was the possession of the animal by the defendant a felonious possession? The bare possession of property recently stolen is not conclusive evidence

of guilt. Especially is this so of property of the kind involved in this case. The only question for us to consider in this case, then, is, Does the evidence as presented by the record show that the possession of the animal by the defendant was a guilty possession? The only evidence on the part of the state tending to establish this fact is that of the alleged owner, who states that he never sold the animal. Against this evidence is that of the defendant that one Williams was employed by him to purchase and drive to his place of business, or to the place where the animals for his business were slaughtered, animals of the kind alleged to have been stolen; that the animal in question, or one answering to its description, was so delivered to him by said Williams; that he (defendant) accounted to and paid said Williams for the animal. This testimony of the defendant is corroborated by the testimony of D. C. Bruce, who states that he was present when Williams purchased the animal and witnessed the transaction, and states the particulars thereof. Williams was not present at the trial. No attempt was made to contradict or impeach these witnesses by the prosecution. But it is urged by the prosecution that the flight of the defendant after he had been arrested and held to answer must be held as conclusive of his guilt. We do not understand this to be the rule. While the flight of one accused of crime is very generally regarded as an evidence of guilt, it has never been held as conclusive. It is always open to explanation, and is never of itself, alone, held to be sufficient to support a conviction. The defendant explains his flight by saying that his counsel advised him that, while he did not believe (presumably, from the statement of facts he received from defendant) that he (defendant) was guilty, still, in view of the feeling and sentiment prevailing in the community, it was safer for the defendant to absent himself, at least for a time. While such advice may be recognized as "sharp practice," it is not such as would come from one having that high sense of professional honor which should inspire and influence the conduct of every member of the profession who places a higher estimate upon professional integrity than he does upon mere temporary or incidental success. It is admitted that the defendant was found

in the possession of the animal alleged to have been stolen, and that he caused it to be slaughtered, had its carcass sent to his butcher-shop, and appropriated the same to his own use. Unexplained, those facts might be sufficient to warrant his conviction of the crime alleged against him. But the defendant explained his possession of said animal by his own testimony and that of the witness Bruce; and, if the facts as stated by himself and witness Bruce are true, the defendant is not guilty of the crime of which he was convicted. That evidence is not contradicted in a single particular, and neither the defendant nor Bruce was impeached. In case of a substantial conflict in the evidence, the verdict of a jury will not be disturbed. But this is not a case where the evidence is conflicting. There is an absolute lack or want of legal evidence to sustain the verdict. In such a case the jury cannot arbitrarily ignore the evidence, when there is no conflict, and the witnesses are not impeached. If the jury could do that, it could find a defendant guilty without any evidence, and thus violate the well-established rule that a defendant cannot be legally convicted except upon legal evidence that establishes his guilt beyond a reasonable doubt. Any other rule would make the jury arbitrary judges of the guilt of a defendant, irrespective of the evidence produced on the trial. On the face of the record, it is shown that the defendant gave a reasonable explanation of his possession of said animal and was corroborated by witness Bruce, and we also think that he gave a reasonable explanation of the cause of his flight, both of which, however, may be false. Be that as it may, it devolves upon the state to establish a defendant's guilt by legal evidence, and until that is done the presumption of innocence is an absolute shield for him. The possession of the animal and the flight of the defendant, under the explanations set forth in the evidence, of which there are no contradictions or conflicts, sufficiently indicate the innocence of the defendant.

We have examined the instructions, and find no error in them, provided the evidence was sufficient to sustain the verdict, and we think there was no error in refusing to give the instruction requested by counsel for the defendant. We have

examined the other errors assigned, and find no prejudicial error in the admission of certain evidence objected to by counsel for the defendant. The judgment must be reversed, and the cause remanded for a new trial, and it is so ordered.