(January 14, 1902.)

## STATE v. SANFORD.

[67 Pac. 492.]

CRIMINAL LAW—INSTRUCTIONS.—The instruction in a criminal case to the effect that the possession of recently stolen property, when unexplained, is a circumstance from which guilt may be inferred, is not erroneous.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

James W. Reid, for Appellant.

The appellant contends that the evidence is insufficient to warrant a conviction. That the proof showed nothing but a bare possession of recently stolen property which was explained by defendant, and there was no contradiction except the prosecuting witness. The cases relied on by appellant are: *State v. Seymour,* 7 Idaho, 257, 61 Pac. 1033; *State v. Marquardsen,* 7 Idaho, 352, 62 Pac. 1034.)

Attorney General Frank Martin, for the State.

Appellant relies upon the cases of *State v. Marquardsen,* and *State v. Seymour.* In the Marquardsen case it is true the defendant, as in this case, explained his possession by stating that he had purchased the stock in question. But his statement in this regard was strongly corroborated by the testimony of the witness McCullough, and in turn McCullough's testimony was corroborated by that of another witness. We do not believe that this court would be warranted in extending the doctrine in the cases above cited so as to cover the case at bar; if so, then all any man who is arrested and put on trial for stealing livestock, unless he is actually caught in the act of taking the property, will have to do is to go on the stand and swear that he purchased the stock, which he is accused of stealing, from some unknown stranger passing through the country, and be set at liberty. In other words, if he is willing to add perjury to his crime of theft, he can go unpunished. We think the

safer rule is found in the opinions of this court in the cases of *State v. Haverly,* 4 Idaho, 484, 42 Pac. 506; *Cox v. Northwestern Stage Co.,* 1 Idaho, 383; *Simpson v. Remington,* 6 Idaho, 681, 59 Pac. 360; *Chamberlain v. Woodin,* 2 Idaho, 642, 23 Pac. 177; *Bonner v. Powell,* 7 Idaho, 104, 61 Pac. 138; *Murphy v. Montandon,* 4 Idaho, 320, 39 Pac. 195; *United States v. Camp,* 2 Idaho, 231, 10 Pac. 226; *Monarch G. & S. M. Co. v. McLaughlin,* 1 Idaho, 618; *Mootry v. Hawley,* 1 Idaho, 543. These cases are in line with the great weight of authority. (*People v. Lewis,* 124 Cal. 551, 57 Pac. 470; *People v. Un Dong,* 106 Cal. 83, 39 Pac. 12; *People v. Ross,* 115 Cal. 233, 46 Pac. 1059; *People v. Wong Chong Suey,* 110 Cal. 117, 42 Pac. 420; *Smith v. Thomas,* 121 Cal. 533, 54 Pac. 71; *Frankfort v. Coleman,* 19 Ind. App. 368, 65 Am. St. Rep. 412, 49 N. E. 474; *Singleton v. Hill,* 91 Wis. 51, 51 Am. St. Rep. 868, 64 N. W. 588; *Beardsley v. Morrison,* 18 Utah, 478, 56 Pac. 303, 72 Am. St. Rep. 795, and note; *Edwards v. Reid,* 39 Neb. 645, 42 Am. St. Rep. 607, 58 N. W. 202; *Savannah Railway Co. v. Flannagan,* 82 Ga. 579, 9 S. E. 471, 14 Am. St. Rep. 183, note p. 188.)

QUARLES, C. J.—The appellant was prosecuted in the district court in and for Nez Perces county upon a criminal complaint charging him with the crime of grand larceny, was tried by a jury, convicted, and duly sentenced by judgment of said court. He moved for a new trial, which was denied him, and from the judgment of conviction and order denying a new trial appeals to this court.

The first error assigned is as follows: "The court erred in his charge to the jury in reference to the possession of recently stolen property—more particularly the words 'is a guilty circumstance, and should be considered by you.'" A careful examination of the instruction to which this error apparently refers shows that the instruction was not erroneous. The language used is somewhat unfortunate, but the instruction conveyed to the jury, who could get no different idea therefrom, the rule of law that possession of recently stolen property is a circumstance from which, when unexplained, the guilt of the accused may be inferred.

The second error assigned is as follows: "The court erred in failing to instruct the jury that the evidence was not sufficient to support a verdict of guilty." And the third error assigned amounts to the same, being in words as follows: "The court erred in not instructing the jury to bring in a verdict of not guilty." We have carefully examined the record in this case, and are of the opinion that the evidence introduced at the trial was sufficient to sustain the verdict of the jury. The evidence sufficiently proved the title in the horses alleged to have been stolen in the complaining witness, James Hammond. That said Hammond was pasturing said horses near the Clear Water river, above Lewiston, in the pasture of one A. L. Long, and, without the knowledge and consent of the owner or of said Long, said horses were taken and carried away from said premises about the middle of January, 1900. Possession about that time of said horses was proven to have been in the appellant. That about the twenty-fifth day of February, 1900, and about one month after the larceny of said horses, the owner thereof, the said complaining witness, Hammond, met the appellant, who then had possession of said horses, and inquired of him as to the whereabouts of said horses, giving to the appellant a minute description of the same, whereupon the appellant declared that he knew nothing of them. The evidence shows that shortly before this the appellant had put said horses in a pasture near the city of Lewiston; that about this time appellant removed said horses and carried them over into the state of Washington. Good faith and common honesty on the part of the appellant required him to inform complaining witness that he had possession of said horses, and claimed title to them by purchase from a stranger—the defense to this case made by appellant. He did not do this, but sought to secrete and conceal his possession of same from the owner thereof. This case is unlike the cases of *State v. Seymour,* 7 Idaho, 257, 61 Pac. 1033, and *State v. Marquardsen,* 7 Idaho, 352, 62 Pac. 1034, relied upon by the appellant to obtain a reversal.

Finding no error in the record, the judgment and order appealed from are affirmed.

Sullivan and Stockslager, JJ., concur.