### PETER SMITH v. THE STATE.

No. 2365.   Decided May 21, 1902.

**1.—Theft of Hogs—Recent Possession—Charge of Court.**
    Where the identical property charged to have been stolen is not found in possession of defendant, it is error to charge upon the recent possession of stolen property.

**2.—Same—Evidence Insufficient.**
    See opinion for evidence as to the identity of the alleged stolen animals held wholly insufficient to support a conviction of theft of hogs.

Appeal from the District Court of Falls. Tried below before Hon. Sam R. Scott.

Appeal from a conviction of theft of hogs; penalty, two years imprisonment in the penitentiary.

The opinion states the case sufficiently

*Rice & Bartlett,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of the theft of hogs, and given two years in the penitentiary. This is the second appeal of this case. See 56 S. W. Rep., 54. Appellant's first assignment of error is, that the court erred in charging upon the law of recent possession of stolen property and appellant's explanation of his alleged possession, because the evidence did not warrant such a charge, in this, that the question of possession of the identical hogs charged to have been stolen was never admitted, but was contested by defendant, and no explanation was made by defendant. The evidence shows that appellant's contention is correct. It is made to appear that at the time the hog meat was found in his possession in his smokehouse, defendant claimed the meat as his, and attempted to offer physical force against it being

taken away from him. It will be noted in the opinion on the former appeal that appellant merely insisted that the charge on recent possession was erroneous, and the objection now made was not urged on the former appeal. It is a well settled proposition of law, supported by a long line of authorities, that where the identical property charged to have been stolen is not found in the possession of appellant, then it is error to charge upon the law of recent possession of stolen property. Mayfield v. State, 23 Texas Crim. App., 649; Baldwin v. State, 31 Texas Crim. Rep., 589; Roy v. State, 34 Texas Crim. Rep., 301.

Appellant also insists that the evidence is insufficient to support the verdict. The testimony on the identification of the property as the property of prosecutor can be best stated in his own language, as follows: "Yes, I swear positively that the meat found at Tom Moore's was my red sow, because it had a dent in the side, and had some red hair upon it. We then arrested Tom Moore on this charge, but did not take him to defendant's house. We left him in charge of Mr. Peacock at the store. I went with Marlin, the constable, to defendant's house. Upon our arrival there I never asked him anything, but we went into the smokehouse and found some meat there. We did not find all of the hog. The head was gone or missing. We found two hams, two shoulders and two middlings. We did not find the feet. I think this meat had been killed about two or three days. I think there was about a handful of hair on the meat we found at defendant's. It was black hair. Yes, I can swear and do swear that this meat came from my hog, because it had black hair on it, and because it smelled boarish. No, I never swore that the meat I got at Peter Smith's smelled boarish when I testified in the justice court." It is proper to state that Tom Moore was indicted for the theft of one hog, and defendant was indicted for the theft of a black hog. The above is all the testimony going to identify the animal owned by prosecutor as the one found in appellant's smokehouse. Defendant owned some black hogs. We do not think the testimony is sufficient. There is nothing stated indicating anything by which the meat could be identified as the meat of the black sow of the prosecutor, except that it had black hair on it, and smelled boarish. We presume there are hundreds of hogs in Falls County with black hair on them, and apprehend, in the course of nature, there are many of such hogs that smell boarish, if sufficient acuteness can be found to detect the smell in a piece of pork three days after it has been killed. We can not permit the verdict to stand upon such testimony.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*