[Crim. No. 436.  First Appellate District.—October 20, 1913.]

THE PEOPLE, Respondent, v. JAMES WING, Appellant.

CRIMINAL LAW—BURGLARY—SUFFICIENCY OF EVIDENCE TO SUSTAIN CONVICTION.—In this prosecution for burglary the fact that the defendant had the property in his possession shortly after it was stolen and made contradictory statements as to how he obtained it, together with his contradicted testimony as to his whereabouts at the time of the commission of the offense, not to mention other suspicious incidents, were sufficient to support a verdict of guilty.

ID.—EVIDENCE—IDENTIFICATION OF STOLEN ARTICLES.—The exhibits admitted in evidence on the trial were sufficiently identified as the property of the business concern burglarized; some of them being positively identified as having been taken from the store, and others being shown to be of a similar brand and make to those handled in the store burglarized.

ID.—MOTION FOR A NEW TRIAL—CONTINUANCE—DISCRETION OF COURT IN DENYING.—The court committed no abuse of its discretion in denying the defendant's last application for a continuance of the hearing of his motion for a new trial, where it had already granted three continuances of the motion, the last of which took the matter up to within one day of the time which the court could have granted the defendant under the provisions of section 1191 of the Penal Code without nullifying the verdict.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.  William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

J. K. Ross, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

KERRIGAN, J.—The defendant was charged by information with the crime of burglary. He was found guilty of that offense in the first degree, and sentenced to imprisonment for a term of eight years. From the judgment and from his motion for a new trial defendant prosecutes this appeal.

For a reversal of the judgment defendant depends principally upon his point that the evidence does not sustain the verdict of the jury. This position is not maintainable. A certain business concern was burglarized in San Francisco on the night of July 8, 1912. In September of the same year a detective of the police department, while investigating another charge against the defendant, found in his possession the articles stolen on the night of July 8th. Defendant admitted that he received these goods on July 18th, but at the trial claimed that he had purchased them from a man named Dewey. The articles admitted in evidence against the defendant were amply identified as those which were stolen on July 8th from the said concern; and as defendant came into possession of them ten days later, the fact of his being in possession of recently stolen property was clearly before the jury. Dewey, the man from whom defendant claimed to have purchased this property, was not satisfactorily identified, nor was he called as a witness by the defendant. Moreover a witness for the people testified that the defendant had told him that he had bought the goods in Fresno a year before, and defendant was also contradicted in his testimony, that on the night of the commission of the crime he was in the city of Stockton, by the proprietress of the hotel where he lived, who testified that on the night of July 8th he occupied his room in the hotel conducted by her in San Francisco.

The jury evidently gave no weight to the defendant's testimony that he was in Stockton on that night, and believed the testimony of the hotelkeeper. That circumstance, with the fact that he had in his possession the property shortly after it was stolen, together with the further circumstance that he

had made contradictory explanations or statements of how he had come into its possession—not mentioning other suspicious incidents—were, we think, amply sufficient to support the verdict of the jury.

The exhibits which were admitted in evidence were sufficiently identified as being the property of the concern burglarized. Some of them were positively identified as being taken from the store; others were shown to be of a similar brand and make to those handled in the store burglarized, in common, however, with other stores. The rulings of the court in admitting this evidence were not erroneous by reason of insufficient identification. (*Woodruff* v. *State* (Tex. Cr.), 20 S. W. 573; *Mitchell* v. *State*, 94 Ala. 68, [10 South. 518]; Underhill on Criminal Evidence, secs. 47, 379.)

Defendant is mistaken in saying that the trial court failed to instruct the jury as to the law upon circumstantial evidence. The record shows that the jury were carefully and fully instructed on that subject.

The court committed no abuse of its discretion in denying defendant's last application for a continuance of the hearing of his motion for a new trial. It had already granted three continuances of the motion, the last of which took the matter up to within one day of the time which the court could have granted defendant under the provisions of section 1191 of the Penal Code without nullifying the verdict. The continuance requested was for an indefinite time; and if it had been granted for more than one day the terms of section 1191 of the Penal Code, would, as just stated, have been violated, and the court rendered powerless to pronounce judgment. The purpose of this section was to expedite the hearing of appeals in criminal cases; and the defendant having been given a reasonable opportunity to prepare for the hearing of his motion it follows that the denial of a further postponement was proper.

The judgment and order are affirmed.

Lennon, P. J., and Richards, J., concurred.