(May 2, 1921.)

STATE, Respondent, v. A. E. BLANK, Appellant.

[197 Pac. 821.]

GRAND LARCENY—FAIR TRIAL.

> When, from an examination of the entire record, it clearly appears that a defendant charged with crime has not had a fair and impartial trial, the judgment will be reversed and a new trial granted.

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. Isaac F. Smith, Judge.

Judgment of conviction of crime of grand larceny. *Reversed.*

Devaney & Carter and Jas. W. Galloway, for Appellant.

Questions tending to degrade defendant must be those directly tending to affect his credibility as a witness, or to show his character (the defendant's character had not been made an issue in the case), thus compelling him to answer as to past transactions, even though similar, but which are separate and distinct. Through such admission the jury might be led to infer his guilt, rather than to establish it from the evidence, violating the constitutional guaranty protecting him from giving evidence against himself. (*People v. Brown*, 72 N. Y. 571, 28 Am. Rep. 183; Wharton's Criminal Evidence, p. 904; 12 Cyc. 405; *People v. Glass*, 158 Cal. 650, 112 Pac. 281.)

Roy L. Black, Attorney General, and Alfred F. Stone and Jas. L. Boone, Assistants, and Geo. Donart, Pros. Atty. for Washington County, for Respondent.

Whenever there is substantial evidence to support a verdict the same shall not be set aside. (Sec. 7170, C. S.; *State v. Downing,* 23 Ida. 540, 130 Pac. 461; *State v. Silva,* 21 Ida. 247, 120 Pac. 835; *State v. Mox Mox,* 28 Ida. 176, 152 Pac. 802.)

Where the question is whether the defendant's explanation of his possession of the fruits of crime is reasonable, the court is not justified in substituting its opinion for that of the jury, unless it finds that the defendant's explanation was so clearly satisfactory that it was unreasonable of the jury to refuse to give it credence. (*State v. Curtis,* 29 Ida. 724, 161 Pac. 578; *State v. Williams,* 12 Ida. 483, 86 Pac. 53; *State v. Ireland,* 9 Ida. 686, 75 Pac. 257; *State v. Steen,* 29 Ida. 337, 158 Pac. 499; *State v. Collett,* 9 Ida. 608, 75 Pac. 271.)

The matter of the propriety of permitting the introduction of evidence cannot be reviewed on appeal when no objection whatever to the introduction thereof is made at the trial. (*State v. Roe,* 19 Ida. 416, 113 Pac. 461.)

Sec. 9014, C. S., enumerates all rulings in a criminal case which are deemed excepted to. (See, also, sec. 9012.) Secs. 9006 and 9007, C. S., contemplate that an exception to an order overruling an objection to the introduction of evidence must be taken in order that such order may be reviewed on appeal.

It is an established principle in practice that when evidence is admitted under objections, and no exception is taken to the ruling of the court, the objection is waived. (*People v. Kuok Wah Choi,* 2 Ida. 90, 6 Pac. 112; 3 C. J. 897.)

DUNN, J.—Appellant was tried in the district court of Washington county on a charge of grand larceny, convicted and sentenced to the penitentiary for not less than one

nor more than fourteen years. He has appealed to this court and assigns as errors the insufficiency of the evidence to support the verdict and the admission and rejection of certain testimony.

The claim that the evidence is insufficient to support the verdict rests upon the contention that the colt which was the subject of the alleged larceny was not sufficiently identified to warrant the conviction of the appellant. It must be admitted that the evidence of identification was very weak. Whether it could properly be held sufficient to support the verdict, if that question were before us under other conditions than those present in this case, it is not necessary for us to decide. Over the objection of appellant very much matter was admitted in evidence which could not fail to be highly prejudicial to him. Much of this matter tended to show that appellant had been guilty of other crimes having no connection whatever with the offense for which he was being tried. It seems impossible that the jury could have been wholly uninfluenced against appellant by this immaterial and irrelevant matter.

It clearly appears from the record in this case that the appellant was not accorded a fair trial. The judgment is therefore reversed and a new trial granted.

Rice, C. J., and Lee, J., concur.

BUDGE, J., Concurring Specially. — Appellant was charged with the larceny of a colt, the property of L. E. Stewart. From the record it appears that Stewart owned a mare, which he turned on the range in the early spring of 1916, and which he and his father-in-law, Kilbourn, saw about May 12, 1916, with a black colt, about ten days old, having a star in its forehead and a crooked left hind foot; that they did not know the sire of this colt; and that they did not see the colt again until July 20, 1917, more than 14 months later, when Kilbourn located a black colt with the same characteristics on the range, which they assumed

to identify positively and by reason only of the fact that this colt also had a star in its forehead and a crooked left hind foot. The evidence shows that Stewart had formerly owned an interest in a stallion, both hind feet of which were crooked; that he disposed of his interest in this horse because the defect had appeared in a number of his colts in that community; that this horse was the sire of the mare above mentioned; and that the mare's feet were normal.

Conners, a witness for the state, testified that he assisted Kilbourn in locating the colt on July 20, 1917, and that that colt had been in the possession of appellant during the winter of 1916 and spring of 1917; that appellant had driven it with his cattle toward the summer range; that it had been left at Oxman's ranch, where witness was employed; that appellant had inquired whether the colt was bothering, and had said, "Let me sell it to you," and that he would take it home.

Numerous witnesses who were called on behalf of appellant testified that appellant had a sorrel mare in his possession during the spring and summer of 1916; that about the first of May, 1916, this mare foaled a black colt with a star in its forehead; and several witnesses testified that this colt had a crooked left hind foot.

Appellant assigns as error the insufficiency of the evidence to support the verdict, and contends that the evidence is insufficient to identify the colt seized by Kilbourn on the range as Stewart's colt.

The general rule would seem to be that in a prosecution for larceny, in order to sustain a conviction, the state must identify the property alleged to have been stolen, and found in the possession of the accused, by the most direct and positive testimony of which the case is susceptible.

Where the evidence merely shows possession by defendant of the same number of cattle as was stolen (*Hilligas v. State,* 55 Neb. 586, 75 N. W. 1110; *Harris v. State,* 13 Tex. App. 309), or of hogs with hair of the same color (*Smith v. State,* 44 Tex. Cr. 81, 68 S. W. 510), or of a

horse with the same brand as prosecutor's, of which many had been sold (*Horn v. State*, 30 Tex. App. 541, 17 S. W. 1094), it has been held to be insufficient.

While the testimony of Stewart and Kilbourn was direct and as positive as any assertion could well be made, the very assurance with which they testified can but cast doubt upon it. Having seen the colt but once when it was ten days old, it was perhaps possible, but inherently improbable, that they could identify it with any degree of certainty more than 14 months later, and when the colt was about 15 months old. When this evidence is considered with the testimony introduced on behalf of the state to the effect that Stewart's horse had sired other colts in which the same congenital defect existed in that community, and in connection with the evidence adduced on behalf of appellant, it is clear to my mind that the case presents a total failure to identify the stolen property by substantial evidence.

Furthermore, the state was permitted, in flagrant violation of every known rule of evidence, to introduce proof tending to establish that appellant came into possession of the sorrel mare wrongfully, and that he had committed larcenies other than and independent of the one charged in the information. In fact, the record contains instances of the admission of incompetent and immaterial testimony too numerous to set out in this opinion, most of which were highly prejudicial.

This testimony was of such a character as to prejudice the minds of the jury and deprive appellant of a fair and impartial trial, which amounted to a denial of his substantial rights. While counsel for appellant took no proper exceptions to the rulings of the court, and does not complain of them upon this appeal, still, as was well stated by the supreme court of New Mexico in the case of *State v. Garcia*, 19 N. M. 414, 421, 143 Pac. 1012, at 1014, on rehearing:

"There exists in every court . . . . an inherent power to see that a man's fundamental rights are protected in every case. Where a man's fundamental rights have been violated, while he may be precluded by the terms of the statute or rules of appellate procedure from insisting in this court upon relief from the same, this court has the power, in its discretion, to relieve him and to see that injustice is not done. The restrictions of the statute apply to the parties, not to this court. This court, of course, will exercise this discretion very guardedly, and only where some fundamental right has been invaded, and never in aid of strictly legal, technical or unsubstantial claims, nor will we consider the weight of evidence if any substantial evidence was submitted to support the verdict. If substantial justice has been done, parties must have duly taken and preserved exceptions in the lower court to the invasion of their legal right before we will notice them here. But in this case justice has not been done. A man has been convicted and sentenced to imprisonment for a term of years where there is, not only no evidence to support the verdict, but where the evidence conclusively established his innocence. Under such circumstances we cannot permit such an injustice to be done. For a similar case, and a similar holding, see *Sykes v. United States*, 204 Fed. 909, 123 C. C. A. 205."

And, as was said in *State v. Burke*, 11 Ida. 420, 83 Pac. 228:

"He [the defendant] is . . . . entitled to a fair trial, and if guilty to be convicted upon evidence, and not upon insinuation and innuendo. The administration of even-handed justice demands it, and the law will sanction no other kind of a conviction. It is not enough to say a crime has been committed and somebody has committed it, and that somebody shall pay the penalty therefor, and that the state has been unable to find any other person upon whom they could fasten the crime, and that it is entirely possible and was altogether convenient for the defendant to have perpetrated the offense. Something more must be done; facts or

circumstances should be developed tending to connect the defendant with the commission of the offense such as would be inconsistent with the actions and conduct of an innocent man.''

In view of the lack of substantial evidence to identify the stolen property, the fact of appellant's conviction points unmistakably to the prejudicial effect of the admission of this incompetent evidence upon the minds of the jury. The rule is well established that in a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent of that for which he is on trial, even though it is a crime of the same sort, is inadmissible. While there are certain well-defined exceptions to this general rule, there was no evidence in this case which brought appellant without the rule. He was convicted and sentenced to a term of years, notwithstanding a lack of substantial evidence to support the verdict, and the admission of the evidence in question was prejudicial error.

From what has been said it follows that the judgment should be reversed and a new trial granted.

McCarthy, J., concurs.