### 36305.   YAWN *v.* THE STATE.

DECIDED SEPTEMBER 25, 1956.

*Jackson & Graham*, for plaintiff in error.

*W. H. Lanier, Solicitor-General*, contra.

TOWNSEND, J. ■ The first special ground of the motion for new trial assigns error on the admission of the physical exhibits tendered by the State as having been articles of merchandise found in the possession of the defendant after having been missed from the drug store of Dr. Oliver. The items were objected to in bulk, with special objection to the admission in evidence of suitcases. As to these objects, witnesses working in the store described the approximate times when they had been missed over a period of about 4 months. The 6 suitcases were identified as being identical with suitcases that had disappeared, odd pieces purchased from sets of 3 matching pieces with the matching pieces accounted for, all of which were found in the defendant's possession and in one of which was a tag bearing the cost price of the drug store in code which was identified by an employee as being in her handwriting. This luggage was purchased by the store from a manufacturer for whom the proprietor had an exclusive agency in Vidalia. With the suitcases were various items of cosmetics which had also been missed from the store. One employee identified his mark on a bottle of Aqua Velva, and another iden-

■

tified her cost mark on a box which had contained imitation pearls, bottles of Palmolive shave cream, skin bracer and Colgate lather, and a box which had contained a Sunbeam razor. All of these articles were alleged to have been stolen in Count 2 of the indictment on which the jury returned a verdict of guilty of larceny.

It was stated in *Steele v. State*, 46 *Ga. App.* 674 (168 S. E. 908) as follows: "While it is necessary for conviction in a larceny case, where the State relies upon recent possession of the stolen goods, that the articles found in the possession of the accused be identified as those alleged to have been stolen, such identity can be established by the testimony of the owner of the goods that the articles found in the possession of the accused, where they have no 'earmarks' to identify them, are of the same brand and character as the stolen goods, and that, from their brand, character, and appearance, he believes them to be the property stolen from him. This is especially true where (as in the instant case) many different articles of various kinds, brands and sizes were stolen, and articles similar in make, brand, character, and appearance to the stolen ones were found in the recent possession of the accused. See, in this connection, *Jordan v. State*, 119 *Ga.* 443 (2), 444 (46 S. E. 679). In that case, as in the present case, the stolen goods 'had no earmarks, but the coincidence of their correspondence in quantity, variety, and brand with those found in the defendant's recent possession, with the other evidence (in the case), was sufficient identification.' " As to recency of possession, the articles found in the defendant's possession were stolen from the drug store between the last of August and the 23rd of December, 1954, at various intervals, the last occurrence being on the 23rd of December, and the goods were located on that same day. There was, accordingly, sufficient identification of the corpus delicti, and the articles were properly admitted in evidence.

■ Special ground 2 complains that after the defendant made his statement to the jury the solicitor introduced in evidence parts of his statement on the first trial of the case in order to show contradictions between the two. This procedure is not cause for reversal. See *Sheppard v. State*, 44 *Ga. App.* 481 (21) (162 S. E. 413).

■ Special ground 3 complains that the court charged the jury in the language of Code § 26-2629 the definition of larceny from the house, which is "the breaking or entering any house with the intent to steal, or, after breaking or entering said house, stealing therefrom anything of value," on the ground that, as to Count 2, there was no evidence of a breaking or an entering. The various elements of larceny may be established by circumstantial evidence. *Worley v. State,* 91 *Ga. App.* 663 (1) (86 S. E. 2d 702). Testimony that the place of business was closed one Saturday night when one of the suitcases was left on the floor, and that it was missing when the store was reopened on Monday morning, combined with testimony as to when and under what circumstances other merchandise was missing, that it had not been sold, and that it had not been taken from the store by any authorized person, was sufficient to establish that there had been at least an entering by some person responsible for the asportation of the property. This ground is without merit.

■ In regard to the general grounds of the motion for new trial, the evidence as to Count 1 of the indictment is, briefly, that the defendant, a police officer of the City of Vidalia, with another officer on patrol, suggested that he get out of the car in front of the drug store and check the alley; that the witness followed the defendant and saw him enter the back of the drug store and stay there about 10 minutes, that when he came out he was carrying a pasteboard box which he set down outside the door; that he then took the witness home and the witness without the defendant's knowledge followed the defendant and saw him bring the box to his house; that the defendant then left, and the witness took the box and found it to contain 12 boxes of candy, later identified as identical with candy missing from the drug store on that night. Shortly before the defendant entered the drug store the witness had himself tried the back door of the shop and found it fastened. The door is fastened from the inside by means of an iron bar, but it is possible to both fasten and unfasten it from the outside. Thus, as to this count, the evidence is not entirely circumstantial. As to Count 2, while evidence of entry is circumstantial, recent possession of stolen goods, unexplained to the satisfaction of the jury, is sufficient to authorize an inference of guilt. *Weeks v. State,* 66 *Ga. App.* 553 (18 S. E. 2d 503); *Warren*

v. *State*, 76 *Ga. App.* 243 (45 S. E. 2d 726). It is contended by the plaintiff in error that some of the articles had been stolen several months previously and do not authorize an application of the "recent possession" rule. If only these articles had been recovered, this might well be true, but where there is found in the defendant's possession a series of articles stolen over a period of several months up to and including the very day of detection, all coming from the same place, the jury is authorized to consider the accumulation of evidence and to infer, if it disbelieves the explanation offered by the defendant, that there was a guilty possession as to all of the merchandise. The plaintiff in error also insists that this court should disregard the testimony that the back door of the drug store could be both unbolted and bolted from the outside as being contradictory to physical facts, unreasonable and impossible. In view of testimony as to play in the door, and that the bar could be thrust into the latch from the outside (and especially in the absence of contradictory testimony) the credibility of this testimony was solely for the jury. The evidence was sufficient to authorize the verdict as to both counts, and the trial court did not err in denying the motion for new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*