409 P.2d 119

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Louis A. LOTT, Defendant-Appellant.**

**No. 9627.**

Supreme Court of Idaho.

Dec. 23, 1965.

Richards, Haga & Eberle, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and Weldon S. Wood, Asst. Atty. Gen., Boise, for respondent.

McQUADE, Chief Justice.

This is an appeal from a judgment rendered against Louis A. Lott upon a jury verdict of guilty of burglary in the first degree.

Lott asserts that the evidence does not support the verdict or the judgment entered thereon. The uncontradicted evidence shows that in the early evening of February 5, 1963, a 1958 Ford four-door sedan without license plates was stolen from the premises of a Boise automobile sales agency. In addition, a license plate bearing the numbers 1A 8461 was stolen from another car which was located within the building occupied by the agency. A police officer testified that at approximately 9:30 on the evening of February 5, 1963, he saw the defendant driving a car of the above description, bearing a license plate marked 1A 8461, leaving the Boise area and proceeding easterly toward Mountain Home. The car was found the next day parked on the main street in Mountain Home.

Appellant contends that mere possession of recently stolen goods is not of itself sufficient evidence upon which to convict the possessor of those goods of the crime of burglary. The rule in this state is to the contrary. In our most recent opinion on this issue, State v. Haggard, 89 Idaho 217, 404 P.2d 580 (1965), we held that the defendant's possession of recently stolen property was sufficient evidence upon which the jury could find him guilty of the crime of burglary.

Appellant also contends that there is not sufficient evidence in the record to establish beyond reasonable doubt that the vehicle in defendant's possession was the same vehicle stolen from the premises of the automobile agency. It is true that the identification of the stolen automobile was less than conclusive. However, the evidence is conclusive that the stolen license plate was the same as the one seen by the policeman on the car the defendant was driving a short time after the burglary. An

owner of the automobile agency testified that the license plate was stolen from a car which was in the shop for repairs and identified the number of the plate. The policeman stated that when he saw the defendant on the evening of the burglary, he wrote down the license number of the car the defendant was driving. These numbers coincided with each other. This evidence sufficiently identifies the property in the possession of the defendant at that which was stolen from the agency.

The judgment below is affirmed.

McFADDEN, TAYLOR, SMITH and KNUDSON, JJ., concur.