449 P.2d 364

The STATE of Idaho, Plaintiff-Respondent,

v.

Norbert PONTHIER, Defendant-Appellant.

No. 10183.

Supreme Court of Idaho.

Jan. 13, 1969.

Manweiler & Webb, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and William D. Collins, Asst. Atty. Gen., Boise, for respondent.

McFADDEN, Justice.

On April 9, 1966, the Ada County Sheriff's office received a call reporting an automobile accident on Highway 44, near the Shady Acres Motel, about twelve miles west of Boise. Upon arrival at the scene of the accident, the officers found a 1954 Buick automobile resting in a canal and several packages of cigarettes and cigars floating in the water. The defendant, whom witnesses identified as the driver of the car, had been taken to the Shady Acres Motel to dry his clothes. The defendant was arrested at the motel by a deputy sheriff and by such officer charged with drunken driving.

The 1954 Buick, which the evidence revealed was not registered to the defendant, was towed from the canal and impounded, and officers spent part of the day retrieving the cigarettes and cigars which were found floating downstream from the car. In all, 792 packages of cigarettes and 18 five-packs of cigars were recovered from the canal. A subsequent search of the 1954 Buick, pursuant to issuance of a search warrant, produced several more five-packs of cigars.

After the Boise police learned of a reported burglary of the Nu-Way Market in Boise, which occurred not more than seven hours prior to the accident which occurred at 6:00 a. m., the defendant was charged with first-degree burglary. The Nu-Way Market reported the theft of approximately 200 cartons of cigarettes, several packages of cigars, some cookies, a .25 caliber automatic pistol, and $590.00 in cash. Only the cigarettes and cigars above referred to were found in the defendant's possession. There was no direct evidence linking the defendant with the burglary. Rather, the defendant's conviction rests upon asserted unexplained possession of a large quantity of cigarettes and cigars shortly after the burglary.

An information was filed on June 3, 1966 charging the defendant with first degree burglary. He pleaded not guilty, was convicted by a jury on January 23, 1967 and was sentenced to a term not to exceed fourteen years in the Idaho State Penitenitary. Following the appropriate motions, the defendant filed a notice of appeal to the Supreme Court of Idaho and has now appealed from the district court's order denying him a new trial and from the judgment finding him guilty of first degree burglary.

On appeal the defendant contends that the verdict of guilty is against the manifest weight of the evidence for the reason that the cigarettes and cigars found in the canal were not sufficiently identified as the cigars and cigarettes stolen from the Nu-Way Market and that, in any event,

the State failed to prove that the defendant had conscious and personal possession of this property, as required by law to sustain a burglary conviction on this kind of circumstantial evidence. The defendant seemingly does not question the rule of law that the unexplained possession of recently stolen property raises an inference of guilt. He contends only that the property found in the canal and automobile was not shown to be stolen and was not in his possession.

█ It is well settled in this state that the unexplained possession of recently stolen property raises an inference of guilt and may be enough by itself to justify a conviction of burglary. As this court stated in State v. Lott, 90 Idaho 161, 409 P.2d 119 (1965),

"Appellant contends that mere possession of recently stolen goods is not of itself sufficient evidence upon which to convict the possessor of those goods of the crime of burglary. The rule in this state is to the contrary. In our most recent opinion on this issue, State v. Haggard, 89 Idaho 217, 404 P.2d 580 (1965), we held that the defendant's possession of recently stolen property was sufficient evidence upon which the jury could find him guilty of the crime of burglary." 90 Idaho at 163, 409 P.2d at 120.

To the same effect is State v. Bogris, 26 Idaho 587, 144 P. 789 (1914). This rule is also supported by a majority of the other jurisdictions. State v. James, 194 Mo. 268, 92 S.W. 679 (1906); People v. State, 270 P.2d 380 (Okl.Cr.App.1954); Yawn v. State, 94 Ga.App. 400, 94 S.E.2d 769 (1956); People v. Weaver, 18 Ill.2d 108, 163 N.E.2d 483 (1960); Jordan v. State, 119 Ga. 443, 46 S.E. 679 (1904); People v. Frahm, 107 Cal.App. 253, 290 P. 678 (1930).

█ In order to secure a conviction on the basis of such circumstantial evidence, however, the burden is upon the State to identify the goods found in the defendant's possession as the same goods stolen in the burglary. It is our opinion

that this burden was satisfied in the case at bar. Appellant relies heavily upon this court's decision in State v. Sullivan, 34 Idaho 68, 199 P. 647, 17 A.L.R. 902 (1921), for the proposition that goods are not sufficiently identified merely by showing that they correspond in kind or quantity to the goods stolen in a burglary. Appellant, however, has misconstrued that decision. The reversal in State v. Sullivan, supra, rested upon the State's failure to prove the *corpus delicti* of a burglary. The State, having failed in State v. Sullivan to prove that any burglary actually occurred, could not rely upon proof of the defendant's possession of allegedly stolen property as proof that a burglary had in fact occurred. In the present case, on the other hand, the State quite conclusively proved by evidence unrelated to the stolen property that a burglary did occur. Unlike State v. Sullivan, then, the State here did not use the defendant's possession of the stolen property to prove that a burglary did occur (to establish the *corpus delicti*), but rather used it only for the purpose of establishing appellant's connection with the burglary proven by other evidence.

Appellant also relies upon several other cases in which it was held that a mere correspondence between the kind and quantity of goods found in the defendant's possession and the goods reported stolen was insufficient to sustain a conviction. Hilligas v. State, 55 Neb. 586, 75 N.W. 1110 (1898); State v. Hampton, 275 S.W.2d 356 (Mo.1955); Smith v. State, 44 Tex. Cr.R. 81, 68 S.W. 510 (1902). In Hilligas v. State, however, the description of the property found in the defendant's possession was completely irreconcilable with the description of the stolen property. In Smith v. State the defendant was at best in possession of only one hog of the same description as the hog stolen, and in State v. Hampton, the defendant was found to have in his possession one roll of dimes wrapped in a green wrapper, which matched the description of a roll of dimes taken in a robbery.

The result in these cases was manifestly correct, but they are of no assistance to this appellant, who was not found in possession of only one item such as anyone might normally have corresponding with the stolen property. Rather there was sufficient evidence from which the jury could find that appellant had been in possession of the large number of cigarettes and cigars. This larger number of items and the correspondence in kind and quantity between the goods found and the goods stolen sufficiently distinguishes the present case from those cases relied upon by appellant. This distinguishing element was well stated in Jordan v. State, 119 Ga. 443, 46 S.E. 679 (1904), where the defendant was convicted of stealing soap and cigars. The court stated that his possession of one or two boxes of the same kind of cigars as those stolen undoubtedly would not be sufficient to sustain a conviction,

"But having in possession White Knight and Capadura cigars in quantities corresponding to those stolen, and beyond the amount usually kept by one not a merchant, made the circumstance much more suspicious. The probative value of the coincidence, that the defendant had the quantity and brand of goods lost would increase in geometrical ratio with the finding of each additional article, so that when it was proved that he not only had White Knight and Capadura cigars, but the Virginia Cheroots also, the case became far stronger." 46 S.E. at 680

In the present case there is substantial evidence from which the jury could infer that immediately prior to the automobile accident, the defendant had had in his possession not only the same brands and approximate quantity of cigarettes as were stolen, but also a similar kind and quantity of cigars. Moreover, another incriminating circumstance is the fact that the cigarettes and some cigars were found along with certain other cigars which were positively identified by price markings on the package as coming from the Nu-Way Market. Ap-

pellant argues that these identified cigars could have been purchased rather than stolen. However, the manager and owner of the store testified that they were not sold to the appellant. Several courts have sustained convictions in cases in which unidentifiable property of the same general description and quantity as the stolen property was found in the defendant's possession along with property positively identified as stolen property. Yawn v. State, 94 Ga.App. 400, 94 S.E.2d 769 (1956); Reynolds v. State, 166 Tex.Cr.R. 83, 311 S.W.2d 848 (1958); State v. Gates, 246 Iowa 344, 67 N.W.2d 579 (1954); People v. Wing, 23 Cal.App. 50, 137 Pac. 47 (1913); Dawson v. State, 99 Ga.App. 115, 107 S.E. 2d 847 (1959). This court in State v. Love, 76 Idaho 378, 283 P.2d 925 (1955), affirmed a burglary conviction where it was shown that the defendant was found in possession of three bottles of whiskey corresponding in brand and quantity to certain whiskey reported stolen in a burglary. Although the whiskey could not be positively identified, certain clothing found in the defendant's possession was identified as clothing taken in the same burglary as the whiskey. Under such circumstances the identity of the whiskey was held to be sufficiently established.

In our opinion the cigarettes and cigars were sufficiently identified to authorize this conviction in the absence of any explanation by the defendant. The weight to be given to the circumstantial evidence was a matter for the jury to determine. See: State v. Cofer, 73 Idaho 181, 249 P.2d 197 (1952), in which this court, in affirming an armed robbery conviction, stated that

"The fact that the money so found could not be conclusively established as that which appellant had obtained by perpetrating the robbery does not render the money inadmissible. It was the jury's province to determine the weight of this evidence as to identity." 73 Idaho at 188, 249 P.2d at 201.

To the same effect is this court's statement in State v. Huff, 56 Idaho 652, 658, 57 P.2d 1080, 1082 (1936), that "Proof of possession of a bill of a denomination involved in the theft, by the wife of the accused, immediately following, is admissible in evidence, its probative value being for the jury." See also State v. Gates, 246 Iowa 344, 67 N.W.2d 579 (1954); Lee v. State, 236 Miss. 716, 112 So.2d 254 (1959); People v. Weaver, 18 Ill.2d 108, 163 N.E.2d 483 (1960); Gouard v. State, 335 P.2d 920 (Okl.Cr.App.1959). We recognize that an adequate explanation by an accused of his possession of recently stolen property may require an acquittal. State v. Darrah, 60 Idaho 479, 92 P.2d 143 (1939), and State v. Seymour, 7 Idaho 257 and 7 Idaho 548, 61 P. 1033 and 63 P. 1036 (1900). Here, however, the defendant offered no explanation as to his possession of the goods. Under such circumstances we cannot say that the jury's verdict was against the weight of the evidence.

The appellant contends that even if the cigarettes and cigars were sufficiently identified, they were not found in his possession. Appellant again relies on State v. Sullivan, 34 Idaho 68, 199 P. 647 (1921), in which this court stated:

"The general rule that the possession of stolen property is evidence of guilt is limited by the rule that to warrant an inference of guilt it must be shown that the possession is personal, and that it involves a distinct and conscious possession by the accused." 34 Idaho at 78, 199 P. at 650.

Although this statement accurately states the prevailing law, it does not extend as far as appellant contends. The State in the present case reasonably established the appellant's connection with the stolen property at the time of the automobile accident. Although there was no showing that the appellant had exclusive possession of the automobile, which was not registered in his name, between the time of the burglary and the accident, it is our opinion that this is

merely a factor going to the weight of the evidence. In State v. Haggard, 89 Idaho 217, 404 P.2d 580 (1965), for instance, stolen property was found in the defendant's automobile, which was reported stolen and was found some distance from the defendant's house. The doors of the car were unlocked and the stolen articles were found at a time when the defendant was not present. Similarly other articles were found in a room occupied by the defendant in his mother's house. Although the defendant certainly did not have exclusive possession of the car or his room, this court nevertheless affirmed a conviction for burglary.

Similarly in State v. Bogris, 26 Idaho 587, 144 P. 789 (1914), this court sustained a burglary conviction although the defendant was not found in possession of the stolen checks until forty-three days following the burglary. See also People v. Wing, 23 Cal.App. 50, 137 P. 47 (1913). In State v. Bogris, supra, State v. Haggard, supra, and the present case, the defendants failed to explain their possession of the stolen property. Under such circumstances as here, the appellant's unexplained possession of this property was properly submitted to the jury as circumstantial evidence of his guilt. Although the appellant was not in immediate possession of the stolen property at the time of his arrest, since he was arrested at the motel rather than at the scene of the accident, neither was the defendant in the immediate possession of the stolen property in State v. Haggard, 89 Idaho 217, 404 P.2d 580 (1965). Nevertheless this court affirmed a conviction in the latter case. In each case there were circumstances from which the jury could legitimately infer that the defendant, immediately prior to his arrest, had been in possession of the stolen property. The weight to be given to such evidence is a matter for the jury's determination.

■ Admittedly the appellant's conviction in this case rests entirely on circumstantial evidence, but this court has on several occasions sustained convictions on the basis of such evidence. State v. McLennan, 40 Idaho 286, 231 P. 718 (1925); State v. Dawn, 42 Idaho 210, 245 P. 74 (1926); State v. Yancey, 47 Idaho 1, 272 P. 495 (1928); State v. Farris, 48 Idaho 439, 282 P. 489 (1929). As we stated in State v. McLennan, 40 Idaho 286, 302, 231 P. 718, 723 (1925),

"Circumstantial evidence is often the only means of establishing the ultimate fact of guilt; and such evidence alone will support a conviction if it produces a belief beyond a reasonable doubt in the minds of the jury that the accused is guilty, and the conclusion of guilt need not necessarily follow from the circumstances in proof but may be obtained therefrom by probable deductions."

■ It is our opinion that the property which had been in the appellant's possession was sufficiently identified as the property stolen from the Nu-Way Market and that the appellant's unexplained possession of recently stolen property was sufficient circumstantial evidence to submit the issue of his guilt to the jury. The jury having found the appellant guilty of first degree burglary, we are compelled to apply the well known rule that where there is substantial competent evidence to sustain the judgment, this court will not interfere. State v. Pruett, 91 Idaho 537, 428 P.2d 43 (1967); State v. Booton, 85 Idaho 51, 375 P.2d 536 (1962); State v. Snowden, 79 Idaho 266, 313 P.2d 706 (1957); State v. Cofer, 73 Idaho 181, 249 P.2d 197 (1952).

Judgment affirmed.

SMITH, C. J., and TAYLOR, McQUADE, and SPEAR, JJ., concur.

SMITH, C. J., and TAYLOR, J., registered their concurrence prior to retirement.