THE STATE OF WASHINGTON, *Respondent*, v. EDDIE W. REED, *Petitioner.**

*John A. Paglia,* for petitioner (appointed counsel for appeal).

*Ronald L. Hendry* and *Robert G. Hutchins,* for respondent.

PER CURIAM.—This is a certiorari to review an order of the superior court granting the state pretrial access to medical and hospital records pertaining to the defendant, and directing defendant's attorney to make available to the prosecuting attorney any such records and evidence in his possession or control.

By information filed in October, 1964, the prosecuting attorney for Pierce County charged defendant Reed with robbery of an employee of the Western Union Telegraph Company on September 16, 1964. Defendant, a soldier stationed at Fort Lewis, obtained release on surety bail and returned to duty. While thus at liberty on bail, but under military jurisdiction, he was hospitalized and received medical treat-

*Reported in 429 P.2d 870.

ment for mental illness at military hospitals from military doctors.

By motion, defendant's counsel raised the question of defendant's mental competence to stand trial, and the court designated a Major Murray, Chief of Psychiatry and Neurology at the Army's Madigan General Hospital, who had earlier administered treatment to defendant for mental illness, to examine the defendant and report whether the defendant was mentally competent to stand trial upon the charge of robbery. Major Murray reported that, in his opinion, defendant's mental condition did not enable him either to understand the nature of the criminal proceeding then pending against him or to assist his defense counsel properly.

Thereafter, following his discharge from the Army, defendant was surrendered by his bail surety to the Pierce County jail, pending trial. September 2, 1965, the superior court, with defendant's consent, ordered him into the custody of the superintendent of Western State Hospital for a period of not to exceed 90 days to make observations and findings concerning defendant's mental condition. While defendant was in Western State Hospital pursuant to this order, the staff thereof obtained from the military authorities of Madigan Hospital medical records concerning defendant's earlier hospitalization at Madigan.

November 26, 1965, defendant entered a plea of not guilty, and a special plea of not guilty by reason of insanity at the time the offense was alleged to have been committed, but asserting a restoration of mental competency at the time of the plea.

Then occurred the events giving rise to this petition. Defendant's counsel informed the superintendent of Western State Hospital and his staff that defendant considered all of his medical records privileged and confidential; that these records should not be delivered to any other persons under pain of civil liability; and that the hospital authorities could not divulge to anyone, except with defendant's consent, their observations and findings. The superintendent and staff, yielding to this admonition and advice, thereupon refused to turn over to the prosecuting attorney any medi-

cal records pertaining to defendant or give the prosecuting attorney their findings, observations and conclusions.

The prosecuting attorney then filed a pleading denominated "Motion by the State for Discovery of Evidence," directed not to the superintendent of Western State Hospital but to the defendant, asking the defendant to produce for the prosecutor's inspection all records reflecting psychiatric tests administered to defendant, all X rays taken after September 16, 1964, used as a basis for evidence of organic brain damage, and the names of all doctors, psychologists and psychiatrists "who have examined the defendant for the purpose of establishing his defense of insanity."

The trial court, after argument, granted the state's motion by written order allowing the prosecution access to all such evidence before trial and directed defendant's counsel to make all such evidence in his possession or control available for inspection by the prosecuting attorney. It is this order which is now before us for review. We are of the opinion that the order must be vacated, not because the state has no right to inspect the medical records, but because the order seems to have been improvidently granted.

■ The state, in presenting its motion, apparently made no showing that it had employed any of the ordinary means available to it for an inspection and production of the very evidence it sought by its motion. Instead of proceeding along the lines available to the state for obtaining the evidence by other means, it demanded that the defendant supply it. We think an order to produce evidence does not lie where the evidence sought is as readily available to the movant as it was to the party from whom it is sought.

■ The state had several other means of obtaining the evidence. First, since the attorney general of the state is the legally-constituted adviser on legal matters to the superintendent of the state hospital and the director of institutions (RCW 43.10.030, 040), a request—upon notice to the defendant—to the attorney general to instruct and advise the superintendent may have accomplished the purpose. Second, where a plea of mental irresponsibility is entered or where it is asserted by the defendant that he is incompe-

tent to stand trial, the court has the inherent power to order the defendant examined by psychiatrists. *State v. Peterson,* 90 Wash. 479, 156 Pac. 542 (1916); *State v. Davis,* 6 Wn.2d 696, 108 P.2d 641 (1940). If the defendant has consented to a period of examination and observation in a state hospital, the court has power to order a written report from the hospital on the defendant's condition. We see no reason why the order directing the defendant's examination and observation should not, in most cases, direct the hospital staff to furnish the court—and in the court's discretion, the parties also—a written report of the hospital staff's observations and findings and conclusions. Where the original order of referral for observation contained no such provision, a supplemental order, upon proper notice, could have been entered, directing the filing of such a written report. Third, we see no reason the prosecuting attorney could not require, by means of subpoena and subpoena duces tecum, the attendance of medical experts and the production of hospital records. RCW 10.52.040; 10.58.010; and 5.56.030.

Finally, as to the names of medical witnesses defendant intends to call concerning the issue of insanity, we refer the parties to RCW 10.37.030 which imposes a duty on the defendant to timely submit a list of defense witnesses. This obligation is as binding upon the defendant as it is upon the state to endorse its witnesses upon the information. *State v. Hein,* 32 Wn.2d 315, 201 P.2d 691 (1949). The record does not disclose that the state ever demanded a list of defendant's witnesses before moving as it did in this case.

The order of December 7, 1966, denominated "Order Granting Discovery," having been improvidently issued, will be vacated and set aside and the parties left to such other means as the law allows for the production, preservation and introduction of evidence.