531 P.2d 1161
**STATE of Idaho, Plaintiff-Respondent,**
**v.**
**Earl GERDAU, Defendant-Appellant.**
**No. 11070.**

Supreme Court of Idaho.

Feb. 5, 1975.

Gerald L. Weston, Caldwell, for defendant-appellant.

W. Anthony Park, Atty. Gen., Lynn Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SHEPARD, Justice.

This is an appeal from a judgment of conviction of first degree murder in which the principal questions presented arise from conflicting evidence regarding the defendant's sanity and a court ordered psychiatric examination of the defendant during the course of the trial. We affirm.

It is uncontradicted that on December 23, 1970 on a street in Payette, Idaho defendant-appellant Earl Gerdau killed the deceased, one Jim Meechan, by shooting him seven times. On the afternoon in question Gerdau was drinking with his son and friends at his home and also at various taverns in Payette, Idaho. Jim Meechan was the owner of one of those taverns. Gerdau and his companions visited Meechan's tavern three separate times on that day. The first was uneventful, but his second visit resulted in a disturbance between him and a female bartender. Following that disturbance Gerdau left but later returned for his third visit at which time the disturbance re-erupted. Meechan entered the disturbance and forcibly ejected Gerdau from the tavern. Gerdau was then driven to his home by his son but shortly thereafter took the son's pickup truck and left home. He first drove to the home of Meechan where he remained for a few moments without seeking entry, and then drove to Meechan's Tavern. Gerdau arrived at the tavern at approximately 7:30 in the evening at which time Meechan was leaving. Gerdau stopped the truck, alighted and shot Meechan seven times with a semi-automatic pistol in front of several witnesses. Gerdau then re-entered the pickup and drove slowly home where he was arrested. He made no attempt to conceal his activities, or to escape. There was evidence that at the time of the arrest Gerdau appeared to be intoxicated.

At trial the defenses of insanity and lack of requisite mental state of malice and premeditation due to mental defect and intoxication were raised. At trial the defendant presented three expert witnesses who offered testimony indicating Gerdau to be legally insane under the tests set forth in State v. White, 93 Idaho 153, 456 P.2d 797 (1969). Following that testimony, the state contended, and the trial judge agreed, that the state had been surprised by the testimony of one of the witnesses proffered by the defense since that witness had in a prior report indicated that the defendant was sane. Thereupon the trial court, over the objection of the defendant, ordered a psychiatric evaluation of the defendant by one Dr. Donald Patterson, a Psychiatrist. Patterson, over the objection of the defendant, was allowed to testify that in his opinion although Gerdau was suffering from a "mild amount of organic change or impairment" such was not sufficient to make him legally insane. He further testified that Gerdau's intoxication at the time of the shooting did not render him incapable of premeditation or malice for which opinion he gave detailed reasons.

Gerdau contends that since three witnesses for the defense testified that Gerdau was legally insane such raised a reasonable doubt as to his sanity and the state thereafter failed to carry its burden of proving sanity beyond a reasonable doubt. In State v. Myers, 94 Idaho 570, 494 P.2d 574 (1972) this court upheld a conviction in the face of a plea of insanity supported by medical testimony. The state had proffered no expert psychiatric testimony but rather relied upon other factors indicating the sanity of the defendant. We said in *Myers* "if psychiatry were an exact science with regard to uniformity of theories, diagnoses and conclusions among its practitioners, there could be more of a rationale for making such opinion testimony binding upon the jury. Such does not appear to be the case and much of the literature of the field indicates deep-seated conflict between the various practitioners." 94 Idaho at 576, 494 P.2d at 580.

In the case at bar, the expert psychiatric testimony of the state's witness,

taken together with the circumstances surrounding the shooting, including the period of time between Gerdau's expulsion from the bar and the shooting, the defendant's actions during that time which indicated his design in carrying out of a plan, the use of a deadly weapon and the absence of any considerable provocation are sufficient to support the finding of the jury in rejecting the defense of insanity and finding requisite malice and premeditation despite any intoxication. It is well established that if the jury verdict is supported by substantial and competent evidence it will not be disturbed upon appeal. State v. Shannon, 95 Idaho 299, 507 P.2d 808 (1973).

Appellant Gerdau next contends that reversible error was committed in requiring him to be examined by a psychiatrist during the trial and thereafter permitting the examining psychiatrist to testify based on that examination. No authority is cited in support of that contention and none has been otherwise drawn to our attention. Our statute, I.C. § 18–211 concerning psychiatric examinations of defendant does not forbid the procedure used in the case at bar. The court has inherent power to order a psychiatric examination when mental condition is in issue. Early v. People, 142 Colo. 462, 352 P.2d 112 (1960); State v. Reed, 71 Wash.2d 550, 429 P.2d 870 (1967).

Gerdau nevertheless contends that the procedure was basically unfair since a psychiatric examination conducted during the time of trial is unreliable because of the emotional stress under which any defendant labors during trial and also because it deprived him of the opportunity to research the background of such expert witness.

■ In contrast, however, the psychiatrist testified that while emotional stress could affect the examination, nevertheless he was able to form a reliable opinion. He testified in detail on this particular point and was also subject to very rigorous cross-examination by defense counsel. On the record we are unable to state that the trial judge abused his discretion in ordering the psychiatric evaluation and permitting the testimony based thereon to go before the jury. Likewise, we cannot say on the basis of the record that the procedure utilized herein was so unfair as to be a denial of due process. If, as claimed by the defendant the procedure utilized prevented an effective inquiry into the background of the witness, the defendant could have demanded a continuation to enable him to make such investigation. Such postponement was not requested and appellant makes no showing of specific prejudice by indicating what background information concerning the witness would have otherwise been presented for consideration of the jury. The judgment of the trial court is affirmed.

McQUADE, C. J., and McFADDEN, DONALDSON and BAKES, JJ., concur.