567 P.2d 20

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Bobbie K. CHAPPLE, Defendant-Appellant.**

No. 12483.

Supreme Court of Idaho.

July 18, 1977.

Larry M. Boyle of Hansen & Boyle, Idaho Falls, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Appellant was found guilty in the magistrate division of the district court of the offense of driving under the influence of alcohol. The car in which appellant was riding at the time of his arrest was stopped after the arresting officer observed the vehicle swerve off the highway and stir up dust from the barrow-pit alongside the road. This officer was the only witness who testified at trial and he stated that as he approached the stopped car he observed appellant sitting behind the steering wheel and a woman sitting in his lap. The officer testified that appellant then slid out from beneath the woman, across the front seat of the car to the passenger side, leaving the woman alone behind the wheel. Both appellant and his female companion were administered sobriety tests and appellant was thereafter arrested and charged with driving under the influence of alcohol and/or drugs, pursuant to I.C. § 49–1102.

In the subsequent trial to the court, the Magistrate Court found appellant guilty as charged. Appellant's motion for reconsideration was denied and on appeal to the district court his conviction was affirmed. On appeal to this court, appellant argues that the state failed to prove beyond a reasonable doubt that appellant had violated I.C. § 49–1102.

I.C. § 49–1102 reads as follows:

"Persons under the influence of intoxicating beverages or of drugs, and any other intoxicating substances.—(a) It is unlawful and punishable as provided in paragraph (e) of this section for any person who is under the influence of intoxicating beverages to drive or be in actual physical control of any motor vehicle within this state * * *."[1]

On appeal, appellant does not dispute the finding that he was intoxicated, but instead contends that the state failed to prove that he was either driving the automobile or was in actual physical control of the car as required by I.C. § 49–1102.

The defendant first appealed to the district judge division of the district court. The district judge held that there was "such quantum" of unrebutted testimony as to sustain the conviction. We agree.

■ A conviction may be based on circumstantial evidence, and the conclusion of guilt may be based on proof of the circumstances and the probable deductions which flow therefrom. *State v. McLennan*, 40 Idaho 286, 231 P. 718 (1925); See also *State v. Price*, 93 Idaho 615, 469 P.2d 544 (1970), cert. den. 400 U.S. 959, 91 S.Ct. 359, 27 L.Ed.2d 268; *State v. Ponthier*, 92 Idaho 704, 449 P.2d 364 (1969). Here, the evidence is uncontroverted that appellant was behind the wheel with a woman sitting on his lap when the car was stopped and that he then slid across the seat to the passenger side leaving the woman behind the wheel. Only two inferences can be logically drawn from this testimony: (1) that the woman was sitting on appellant's lap as the car was being driven; or, (2) that appellant had been driving and that he and his companion were switching places when the arresting officer approached.

■ A judgment of conviction will not be disturbed on appeal where there is substantial and competent evidence to support the judgment. *State v. Griffith*, 97 Idaho 52, 539 P.2d 604 (1975); *State v. Gerdau*, 96 Idaho 516, 531 P.2d 1161 (1975); *State v. Badger*, 96 Idaho 168, 525 P.2d 363 (1974). The trial court's conclusion that appellant was driving or was in control of the vehicle is supported by the evidence.

Judgment affirmed.

---

1. Note that "actual physical control" is distinguished from "driving," and that appellant could thus apparently have been in control of the vehicle even though not driving it.