593 P.2d 1003
**STATE of Idaho, Plaintiff-Respondent,**

v.

**Erasmo Valencia LOPEZ,
Defendant-Appellant.**

No. 12868.

Supreme Court of Idaho.

April 24, 1979.

**100**

James Annest, of Annest & Anderson, Burley, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Eugene A. Ritti, Deputy Attys. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

On December 1, 1977 a jury convicted defendant-appellant Erasmo Valencia Lopez of assault with intent to murder in violation of I.C. § 18–4015. A judgment and order of conviction was entered in conformance with the verdict and Lopez was sentenced to a fixed term of five years in the Idaho State Penitentiary. Defendant appeals from his sentence and conviction asserting numerous errors.

The evidence presented at trial was as follows:

On the evening of June 24, 1977, a party was held at the home of Mr. and Mrs. Martinez in Mindoka County, Idaho. Present at the party were several family members, Mrs. Lopez, the estranged wife of the defendant, and the victim, Blanco. The party lasted until 4:00 or 4:30 a. m. the following day when the participants either retired to bed or departed the residence. Blanco slept in a car outside the Martinez residence.

The defendant Lopez arrived at the Martinez residence at approximately 6:00 a. m. and asked to speak to Mr. Martinez. When Lopez was let into the house he went directly to his wife's bedroom and they proceeded to have an argument. Lopez' wife was living at the Martinez residence during her separation from her husband. After the confrontation, Lopez was escorted outside by Mrs. Martinez' cousin, Socorro.

Mrs. Martinez testified that after Lopez was escorted outside Lopez noticed Blanco sitting in a car outside the house and yelled something at him. Mrs. Martinez further testified that Lopez got into his pickup and proceeded down the road toward the house. Lopez stopped, took a rifle from the pickup and shot at Blanco. Blanco slumped over after the shot. During her direct examination, Mrs. Martinez diagramed the whole scene of the accident on a chalkboard. Defense counsel mainly cross-examined Mrs. Martinez as to inaccuracies of the diagram and inconsistencies of this diagram with the one she drew at preliminary hearing.

Mr. Martinez testified that he saw Lopez grab the rifle from his pickup truck and cock it. Mr. Martinez testified that he did not see the actual shot but did hear it. He then observed Blanco slump over and Lopez drive off in a pickup.

Blanco, the victim, also testified that Lopez fired the shot from his pickup that struck him. Blanco stated he was still inside the car when the bullet struck him.

Vargas, an acquaintance of the defendant Lopez, testified through an interpreter that later that afternoon Lopez admitted to him that he had shot Blanco. Vargas also testified that eight days prior to the shooting incident Lopez had stated to him that he would "fix" the victim Blanco or anyone else he discovered talking to Mrs. Lopez. Vargas testified that he concluded that Lopez intended to shoot Blanco.

The defense presented no evidence at trial. Defense counsel also did not object at trial to any of the jury instructions.

### I

■ Appellant initially assigns as error the failure of the trial court to comply with appellant's request that the court separate witnesses who had testified from those who had not yet testified. I.R.C.P. 43(b)(10) states: "If either party requests it the judge may exclude from the courtroom any or all witnesses, not at the time under examination, so that he may not hear the testimony." [1] The trial judge did comply, upon defense counsel's motion, with the above provision and ordered the witnesses excluded. The trial judge in response to defense counsel's motion to have the witnesses separated stated that counsel should take that matter up with the bailiff and suggested the bailiff try to comply with counsel's motion.

■ There appears to be no statutory provision or procedural rule which man-

dates that a district judge at trial must cause witnesses to be separated and prevented from communicating with each other. The only statutory requirement remotely relevant is I.C. § 19–810 which states that a magistrate during a preliminary hearing ". . . may also cause the witnesses to be kept separate, and to be prevented from conversing with each other until all witnesses have been examined." The duty of the magistrate under I.C. § 19–810 is purely discretionary.

In the absence of specific authority, it is evident that the trial judge's duty to cause witnesses to be kept separate and prevented from conversing with each other is at most discretionary.

■ We find no abuse of discretion in the trial court's recommendation that the bailiff attempt to comply with defense counsel's request to keep the witnesses separate. Further, appellant has not demonstrated any resulting prejudice from the course of action adopted by the trial court in regard to this matter. Error will not be presumed on appeal and the burden of proving error is on the appellant. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978). Appellant's vague intimation of possible discussions between prosecution witnesses which he alleges led to a consistent version of the events surrounding the shooting does not meet this burden. We therefore find no error in this regard.

### II

Lopez next argues that the trial court erred in not instructing the jury as to the lesser included offense of assault with a deadly weapon, battery or assault. The record indicates that the only instruction on a lesser included offense that was initially requested by defense counsel was on assault with a deadly weapon (I.C. § 18–906). However at the close of the trial, defense

---

1. I.R.C.P. 43(b)(10) replaced I.C. § 9–1201 which was repealed in 1975. The provisions of I.C. § 9–1201 were held applicable to criminal actions under I.C. § 19–2110 which provides that the rules of evidence in civil actions are applicable also to criminal actions. *See also*

*State v. Dillon,* 93 Idaho 698, 471 P.2d 553 (1970), *cert. denied,* 401 U.S. 942, 91 S.Ct. 947, 28 L.Ed.2d 223 (1970); *State v. Oldham,* 92 Idaho 124, 438 P.2d 275 (1968). Under the same analysis the provisions of I.R.C.P. 43(b)(10) should apply to criminal actions.

counsel stated that the defendant wished to withdraw his request for an instruction on the lesser included offense of assault with a deadly weapon. The trial judge complied with the defendant's request stating that whether the jury is instructed as to lesser included offenses is "not the prerogative of the judge or the State but that it is a matter of the Defendant's decision."

Prior to 1977, the law was clear in Idaho that the burden was upon the defendant to request the court to instruct on lesser included offenses. *State v. Morris,* 97 Idaho 420, 546 P.2d 375 (1976); *State v. Herr,* 97 Idaho 783, 554 P.2d 961 (1976); *State v. Boyenger,* 95 Idaho 396, 509 P.2d 1317 (1973). This Court recognized that in a situation where the state has requested that the defendant be convicted of a lesser included offense, the defendant, as a trial tactic, may not desire any instruction regarding a lesser included offense. *See State v. Herr, supra; State v. Boyenger, supra.* The case law was clear that no error could be predicated upon the failure of the trial court to give an instruction on a lesser included offense where defendant did not request such or as in the instant case withdraws such request.

■ However, in 1977 the Idaho legislature enacted I.C. § 19–2132(b) which states: "The court *shall* instruct the jury on lesser included offenses when they are supported by any reasonable view of the evidence." This Court on several occasions has construed the word "shall" as being mandatory and not discretionary. *Hollingsworth v. Koelsch,* 76 Idaho 203, 280 P.2d 415 (1955); *Munroe v. Sullivan Mining Co.,* 69 Idaho 348, 207 P.2d 547 (1949); *State v. Braun,* 62 Idaho 258, 110 P.2d 835 (1941). It is clear that I.C. § 19–2132(b) makes it the duty of the trial court to instruct the jury on lesser included offenses when they are supported by a reasonable view of the evidence, even if the court is not requested to do so. To the extent that prior Idaho cases held that no error could be predicated upon the failure of the trial court to instruct the jury on lesser included offenses unless defendant requested such instructions, they are no longer applicable.

■ The record indicates that defense counsel opposed an instruction to the jury on assault with a deadly weapon in what appeared to be a tactical consideration to confront the jury with only two alternatives, acquittal or conviction of assault with intent to murder. The failure of the trial court to instruct on assault with a deadly weapon was caused by defendant's objection and therefore was invited error and will not be considered on appeal. *People v. Ray,* 14 Cal.3d 20, 120 Cal.Rptr. 377, 533 P.2d 1017 (1975); *People v. Sedeno,* 10 Cal.3d 703, 112 Cal.Rptr. 1, 518 P.2d 913 (1974); *People v. Phillips,* 64 Cal.2d 574, 51 Cal.Rptr. 225, 414 P.2d 353 (1966); *cf. King v. State,* 93 Idaho 87, 456 P.2d 254 (1969) (refusal of assistance of counsel).

In future cases the trial bench should be cognizant that under the mandatory terms of I.C. § 19–2132(b) the duty to instruct as to lesser included offenses exists even when as a matter of trial tactics a defendant fails to request the instruction. However, any failure by the trial court to meet this mandatory duty which is caused by defendant's express objection to or waiver of the trial court instructing as to lesser included offenses will be as in the instant case invited error and not considered on appeal. *People v. Ray, supra; People v. Sedeno, supra; People v. Mosher,* 1 Cal.3d 379, 82 Cal.Rptr. 379, 461 P.2d 659 (Cal.1969); *State v. Weyer,* 210 Kan. 721, 504 P.2d 178 (1972).

### III

Appellant's next contention is that the trial court erred in refusing to grant a defense motion for a mistrial on the grounds that the appellant was prejudiced because of a short verbal exchange between the trial judge and defense counsel. The basic factual situation involved an examination by the state of a Spanish speaking witness through an interpreter. Defense counsel felt that the interpreter misconstrued a key word when interpreting the witness' testimony. Defense counsel sought to examine the interpreter as to what was actually said. An exchange between de-

fense counsel and the judge ensued wherein the judge directed defense counsel to ask the witness not the interpreter what exactly was said.

Out of the jury's presence defense counsel moved for a mistrial. The trial judge denied the motion but gave defense counsel the opportunity to recall and reexamine the witness. The judge also instructed the jury to disregard the prior exchange between defense counsel and the judge.

■ A motion for mistrial is directed to the sound discretion of the trial court, and the ruling thereon will not be disturbed unless such an abuse of discretion is shown that defendant's rights are prejudiced. *State v. Wilbanks,* 95 Idaho 346, 509 P.2d 331 (1973); *State v. Ramsbottom,* 89 Idaho 1, 402 P.2d 384 (1965); *State v. Polson,* 81 Idaho 147, 339 P.2d 510 (1959).

■ We find no error in the trial court's refusal to grant a mistrial. The trial court's comment was merely intended to inform defense counsel on the proper manner in which the court thought the examination of the witness should be conducted. *See State v. Polson, supra.* The trial court's remark in no way could be seen as constituting a comment on the weight of the evidence or an opinion of the court as to the guilt or innocence of the defendant or tend to ridicule counsel or reflect upon his conduct in handling the case. *See State v. White,* 97 Idaho 708, 551 P.2d 1344 (1976), *cert. denied,* 429 U.S. 842, 97 S.Ct. 118, 50 L.Ed.2d 111, appeal after remand, 98 Idaho 781, 572 P.2d 884 (1977).

Further, the trial court specifically instructed the jury that its discussion with defense counsel in no way was intended to indicate the court's opinion as to the guilt or innocence of the defendant. Moreover the court reopened cross-examination to afford defense counsel further opportunity to examine the witness and if necessary to call the interpreter as a witness. We find no error or abuse of discretion in the trial court's handling of the dispute.

## IV

■ Appellant argues that the trial court erred in giving certain jury instructions on the grounds that some of the instructions were not correct statements of the law or were not supported by the evidence. No objection was made at trial by the defendant to any of the instructions and therefore defendant's assignments of error are not entitled to consideration on appeal. I.C.R. 30; *State v. Watson,* 99 Idaho 694, 587 P.2d 835 (1978); *State v. Goodrich,* 97 Idaho 472, 546 P.2d 1180 (1976); *State v. Collinsworth,* 96 Idaho 910, 539 P.2d 263 (1975); *accord, Hankerson v. North Carolina,* 432 U.S. 233, 244, note 8, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977). Further, several of the instructions although erroneous were beneficial to the defendant in that they required the state to prove elements of the crime beyond the required corpus delicti and also allowed the jury to acquit the defendant on a defense which was not supported by the evidence. The instructions standing alone or together do not rise to the level of fundamental error.

## V

■ Appellant finally contends that the evidence presented at trial was insufficient to sustain the verdict. Appellant's argument is that a diagram of the scene of the shooting drawn at trial by Mrs. Martinez, a prosecution witness, places the defendant in a position where it would have been factually impossible for the defendant to have shot the victim.

The function of an appellate court is to examine the record below to determine if the jury verdict is supported by substantial and competent evidence. *State v. Griffith,* 97 Idaho 52, 539 P.2d 604 (1975); *State v. Gerdau,* 96 Idaho 516, 531 P.2d 1161 (1975). "In making our review we are required to give full consideration to the right of the jury to determine the credibility of witnesses, the weight to be afforded evidence, as well as the right to draw all justifiable inferences from the evidence before them." *State v. Erwin,* 98 Idaho 736, 740, 572 P.2d 170, 174 (1977).

Notwithstanding the contradictory diagram of the scene, we are of the opinion that there is substantial and competent evidence to sustain the jury's verdict. The state's case included testimony by three witnesses, including the victim, which supported the finding that Lopez fired the shot that struck the victim. Further, an acquaintance of the defendant testified that Lopez admitted shooting the victim.

It is evident because of the substantial evidence indicative of the defendant's guilt that it is not necessary for this Court to review the inconsistencies presented by the state witness' diagram of the scene, because notwithstanding that diagram there is sufficient evidence to sustain the jury's verdict. *State v. Ross,* 92 Idaho 709, 449 P.2d 369 (1968).

Judgment affirmed.

SHEPARD, C. J., BAKES and BISTLINE, JJ., and DUNLAP, J., pro tem., concur.