705 P.2d 1082

**STATE of Idaho, Plaintiff-Respondent,**

v.

**James C. HOFFMAN, Jr., Defendant-Appellant.**

**No. 15162.**

Court of Appeals of Idaho.

Sept. 6, 1985.

128

James C. Hoffman, pro se.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., and A. René Fitzpatrick, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

James Hoffman stands convicted by a jury of first degree burglary and grand larceny. He received concurrent, indeterminate twelve-year sentences for the offenses. On appeal he argues that the evidence is insufficient to support the jury's verdict, that he was denied a fair trial due to juror prejudice, and that the district judge should have declared a mistrial when evidence of an uncharged crime was presented by the prosecutor. We affirm the judgment of conviction as to each offense.

We first address the sufficiency of the evidence. The state showed that on May 31, 1981, at approximately 1:15 a.m., Hoffman was apprehended, along with his wife and brother, while walking through a subdivision in west Boise. In the brother's possession were a pair of gloves and two screwdrivers, one about eighteen inches long. His pockets were found to contain gold toenail and fingernail clippers belonging to an occupant of a house in the subdivision. Hoffman's wife also had gloves; and her pockets contained a large quantity of coins, together with a checkbook and bank guarantee card belonging to another occupant of the same house. Hoffman, a roofer by trade, was carrying a tool variously described as a box cutter or sheetrock cutter. The trio told police that they were taking a walk, waiting for their car, which had overheated, to cool down. However, the police discovered that the hood of the car was cold and that two homes in the neighborhood, including the house where the owners of the gold clippers, checkbook and bank card lived, had been burglarized. Two guns, a stereo, a television set and other items were found hidden under bushes near that house. Doors to the homes were scarred by fresh prymarks. A detective later testified that the marks visually were "checked" against the blade width of the eighteen-inch screwdriver carried by Hoffman's brother.

The trio were charged with two counts of burglary and one count of larceny. Ultimately, the charges against Hoffman's brother were dismissed as part of a plea bargain on an unrelated crime. *See State v. Hoffman*, 108 Idaho 720, 701 P.2d 668 (Ct.App.1985). Charges against the wife also were dropped for reasons not germane to the issues in this appeal. Hoffman was tried. In his defense, he, his mother and a friend testified that he had been at the family home in Meridian, Idaho, just west of Boise, until approximately 12:45 a.m., when he departed in his car to pick up the brother at an acquaintance's house in the Boise subdivision. The acquaintance did not testify. Hoffman contended that he could not have engaged in two burglaries and a larceny during the period before he was apprehended. The jury found Hoffman guilty of participating in a burglary and larceny at the house from which property was taken. He was found not guilty on the other burglary charge.

Hoffman now invites our attention to the fact that the evidence against him was circumstantial. However, circumstantial evidence is a permissible method of proof; indeed, in some cases it may be the only means of establishing guilt. *State v. Paradis*, 106 Idaho 117, 676 P.2d 31 (1983), *cert. denied*, — U.S. —, 104 S.Ct. 3592, 82 L.Ed.2d 888 (1984). But regardless of whether direct or circumstantial evidence is adduced at trial, our standard of appellate review remains limited in scope.

A judgment of conviction, entered upon a jury verdict, will not be set aside where there is substantial evidence upon which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Filson*, 101 Idaho 381, 386, 613 P.2d 938, 943 (1980). "[W]e are precluded from substituting our judgment for that of the jury as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence." *State v. Campbell*, 104 Idaho 705, 718–19, 662 P.2d 1149, 1162–63 (Ct.App.1983).

Furthermore, we view the evidence in the light most favorable to the respondent. *State v. Fenley*, 103 Idaho 199, 203, 646 P.2d 441, 445 (Ct.App.1982). *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985).

▪ The weight and credibility of the evidence are for the jury to determine. *State v. Haggard*, 89 Idaho 217, 404 P.2d 580 (1965). Where substantial, though conflicting, evidence supports the jury's verdict, an appellate court cannot reweigh the evidence. *State v. Cotton*, 100 Idaho 573, 602 P.2d 71 (1979). Here, the jury evidently disbelieved Hoffman's version of events. In our view, the state's evidence was sufficient to allow rational triers of fact to conclude, beyond a reasonable doubt, that Hoffman, his wife and brother had driven in Hoffman's car to the Boise subdivision where they jointly engaged in criminal activity. Concededly, Hoffman's specific acts during commission of the crimes were not shown. But the fact remains that two other persons in his company were found to possess stolen property. Where two or more persons are acting in concert, possession by one is deemed to be possession by all. *State v. Daugherty*, 12 Ariz.App. 366, 470 P.2d 686 (1970). Moreover, possession of recently stolen property is evidence from which a larceny may be permissively inferred by the triers of fact. *State v. Owens*, 101 Idaho 632, 619 P.2d 787 (1979). Similarly, evidence of a forced entry will support a permissive inference of burglary with the requisite intent to commit larceny or a felony. *State v. Williams*, 103 Idaho 635, 651 P.2d 569 (Ct.App.1982). We conclude that the jury's verdict is adequately sustained by the evidence. It will not be disturbed.

Hoffman next contends that his trial was contaminated by juror prejudice. During voir dire, prospective jurors were asked by defense counsel whether they could remain impartial upon learning that Hoffman, who planned to testify at trial, had been convicted of a prior burglary. One juror in particular said that a previous burglary conviction could influence his outlook. However,

he also stated that he would be willing to acquit if the state merely presented evidence of suspicious circumstances rather than proving its case beyond a reasonable doubt.

 An accused's right to trial by jury contemplates a panel of impartial, indifferent jurors. *Irvin v. Dowd*, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). A juror who has formed an opinion of guilt or innocence is not impartial and may be disqualified. *Reynolds v. United States*, 98 U.S. 145, 8 Otto 145, 25 L.Ed. 244 (1878). However, if the trial judge is soundly persuaded that the juror will set aside his initial impression, and render a verdict based on the evidence presented at trial, the juror can be allowed to remain. *Murphy v. Florida*, 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975). The chief purpose of voir dire is to enable the judge and counsel to identify jurors about whom such a determination must be made. Idaho Code § 19–2013 allows the accused to challenge a juror peremptorily or for cause. Here, Hoffman's experienced trial counsel chose not to challenge the juror in question for cause. Thus, the question of impartiality was not presented to the trial judge for decision. Neither, obviously, did defense counsel peremptorily remove the juror, even though three of six allotted peremptory challenges were available. We can infer from these facts that the jury was satisfactory to the defense at the outset of trial. *See State v. McMahon*, 37 Idaho 737, 219 P. 603 (1923). Hoffman has pointed to no juror misconduct or other evidence of bias during the trial. Therefore, we hold that Hoffman has failed, on this record, to show that he was deprived of an impartial jury.

Finally Hoffman argues that the trial court should have declared a mistrial when the prosecutor presented evidence of a third break-in on the night in question. Hoffman urges that the district judge abused his discretion in denying a defense motion for mistrial. Our comments in *State v. Urquhart*, 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct.App.1983), are pertinent here:

[W]e believe the phrase "abuse of discretion" inadequately describes the focus of appellate review when a mistrial has been denied in a criminal case. The power to declare a mistrial is the power to avert the consequences of an event at trial that might otherwise deprive the defendant of a fair trial and lead to reversal of a conviction. The exercise of this power has a constitutional dimension which goes beyond mere discretion. Moreover, as a practical matter, we cannot review the trial court's decision in the narrow light of circumstances as they may have appeared to the judge at midtrial. By the time a case reaches us, the trial has been completed and a judgment has been entered.

Consequently, the question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

 Accordingly, the question is whether admitting evidence of the third break-in was reversible error. Evidence of uncharged crimes is inadmissible merely to show an accused's criminal propensity. *State v. Needs*, 99 Idaho 883, 591 P.2d 130 (1979). However, evidence of extrinsic crimes may be admitted to prove the offense(s) charged with respect to (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or plan embodying the commission of two or more crimes so related to each other that proof of one

tends to establish the other, (5) the identity of the person charged with the commission of the crime on trial, or (6) other similar issues. *State v. Wrenn,* 99 Idaho 506, 584 P.2d 1231 (1978); *State v. Boothe,* 103 Idaho 187, 646 P.2d 429 (Ct.App.1982). If such issues are material to the case, and if the evidence is relevant to one or more of the issues, the evidence will be admitted unless its probative value is outweighed by its unfair prejudicial impact. *State v. Matthews,* 108 Idaho 482, 700 P.2d 104 (Ct.App. 1985).

In this case, the district judge—although expressing some doubt as to the value of the evidence—allowed a witness to testify about an apparent break-in at another house in the same subdivision sometime around midnight. The break-in was discovered as the witness returned home. A door was found open and prymarks were observed.

The judge allowed this testimony upon the ground that it tended to establish a common scheme or plan. We find no error in this determination. The tight geographical proximity of the break-ins, the occurrence of all of them during a single evening, and the replicated characteristic of gaining entry by prying at a door with some kind of instrument, provide a rational basis to treat the break-ins as part of a common scheme. Moreover, we agree with the district judge that any probative value of the evidence was not exceeded by its prejudicial impact. The evidence contained nothing inflammatory about the accused. Rather, if there was a prejudicial impact, it necessarily arose from the opportunity afforded the jury to infer that the three break-ins were related and that the person(s) who committed them had been engaged in a series of unlawful entries, looking for property to steal. Any such "prejudice," of course, would simply indicate that the evidence had probative value and would afford no basis to exclude the testimony. Because we find no error in admitting the evidence, we similarly find no error in refusing to declare a mistrial.

Accordingly, the judgment of conviction, as to each of the offenses on which the jury returned a verdict of guilt, is affirmed.

SWANSTROM, J., and WOODLAND, J. Pro Tem, concur.