IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40936

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 746 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 1, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| NOLAN B. HILDRETH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Michael J. Griffin, District Judge.

Judgment of conviction for felony unlawfully taking wildlife, affirmed.

Eric D. Fredericksen of Brady Law, Chtd., Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Nolan B. Hildreth appeals from his judgment of conviction for felony unlawfully taking wildlife. Hildreth argues there was insufficient evidence to support the jury's finding of guilt. For the reasons set forth below, we affirm.

Hildreth was charged with five counts of unlawfully taking wildlife and two counts of unlawful use of bait for taking big game animals. At the conclusion of a preliminary hearing, one count of unlawfully taking wildlife was dismissed. At trial before a jury, Hildreth was found guilty of one felony count of unlawfully taking wildlife, one misdemeanor count of unlawfully taking wildlife, and two counts of misdemeanor unlawfully using bait. The jury acquitted Hildreth of two counts of unlawfully taking wildlife. Hildreth filed a motion for judgment of

acquittal, which the district court denied. Hildreth then filed a motion for a new trial, which the district court also denied. Hildreth appeals.[1]

On September 20, 2011, two officers, while patrolling in the area, discovered an animal foot trap near an ATV trail. As the officers continued searching the area, they found a site set up with a snare. Further down the trail, the officers found another snare setup, a large white block of salt, and a large, dead black bear. A trail camera was located near the snare site, containing a number of pictures of Hildreth setting the snare and carrying a rifle. As they continued to patrol the area, the officers found other similarly constructed snare sites, including one with a second dead black bear, which they believed had only been dead for two days. The fur around the bear's neck was damaged, indicating that it had been caught in a snare, although the snare was no longer around the bear's neck. This bear, which is the one in question on appeal, had a bullet wound in its head. Based on this evidence, Hildreth was charged with unlawfully taking the bear.

The crime of unlawfully taking wildlife is encompassed in I.C. § 36-1101(a). That section provides that it is unlawful to take any of the game animals of Idaho unless an Idaho law allows taking the animal. I.C. § 36-1101(a). The statute defines "take" as "hunt, pursue, catch, capture, shoot, fish, seine, trap, kill, or possess or any attempt to so do." I.C. § 36-202(i). There is no law that allows trapping bears in Idaho, even during bear hunting season. Therefore, any trapping of a bear in Idaho is a violation of I.C. § 36-1101(a). A person is guilty of a felony if he or she unlawfully kills, possesses, or wastes any number of wildlife, including bears, within a twelve-month period which has a single or combined reimbursable damage assessment in excess of $1000. I.C. § 36-1401(c)(3). The reimbursable damage assessment for unlawfully killing one black bear is $400. *See* I.C. § 36-1404(a)(3). If a second bear is unlawfully killed by the same person within a twelve-month period, the reimbursable damage assessment is increased two-fold. I.C. § 36-1404(a). Thus, the first bear Hildreth was charged with unlawfully killing had a reimbursable value of $400 and the second bear had a reimbursable value of $800. Therefore, the district court held that the second killing, which pushed the aggregate reimbursable value over $1000, was a felony, while the first unlawfully killed bear was a misdemeanor.

---

[1] Hildreth does not challenge his judgments of conviction for misdemeanor unlawfully taking wildlife or misdemeanor unlawfully using bait.

2

Hildreth challenges the sufficiency of the evidence supporting his felony conviction for unlawfully taking wildlife on or about September 19, 2011. Specifically, he contends the state failed to present sufficient evidence from which the jury could find beyond a reasonable doubt that he was guilty because his wife testified that she killed the bear in question. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

At trial, the jury was instructed that, in order for Hildreth to be found guilty of the felony charge of unlawfully taking wildlife it must find that: (1) on or about September 19, 2011; (2) in the state of Idaho; (3) Hildreth killed a black bear; and (4) the killing of the black bear was during a closed season for the taking of black bears or the killing was done using an unlawful method. The jury heard the testimony of two defense witnesses, Hildreth's wife and his employee. Hildreth's wife testified that she is an avid photographer and, over many years, had established several sites for the purpose of attracting wildlife to photograph. She had several sites set up with salt blocks to attract elk, deer, and moose. In addition, she had one site set up with rancid oil and dog food to attract bears. None of the sites were used for hunting bears or other large game, but were strictly for photographing the animals. Over the previous several years, as the wolf population increased, the number of elk, deer, and moose had decreased substantially. Hildreth's wife testified that she and Hildreth attended a class to learn how to trap wolves and purchased snares for that purpose. As practice, in preparation for wolf season, both witnesses testified they had assisted Hildreth in setting snares to catch coyotes, which is legal year-round in Idaho. There was also testimony that Hildreth was somewhat careless in setting the snares and, when the wind blew, the size of the loop would expand from the small loop

3

needed for snaring coyotes. Both witnesses testified that their intention was never to snare bears and that any bears snared were accidental.

Despite the defense witnesses' testimonies establishing that the witnesses and Hildreth set a number of snares for legal purposes, Hildreth attempted to cast doubt on whether he was responsible for the snare in which the bear was caught before it was shot. Hildreth's wife testified that there were other people in the area who set snares and that she asked them to stop setting snares because she was worried that her dog would be caught in one of the snares.

The officers testified that all of the sites they found shared several similarities: they all had the putrid smell of rancid oil; they were all constructed in a similar manner, with smaller diverter sticks around the snare; and all of the snares at the sites were constructed with the same type of materials, including the same diameter cable, same type of cam lock, same pivot end, and the same killing spring. A search warrant was issued and executed at Hildreth's cabin and his residence. Many items found linked Hildreth to the snare sites, including several large blocks of white salt; dozens of new and used snares that were constructed in the same fashion as those found at the snare sites; many gallons of rancid oil; and several hundred thousand digital images on the Hildreth computer, including images of Hildreth carrying a rifle at snare sites.

Hildreth's wife testified that she was the person who killed the bear in question. She testified that she was hiking when the bear lunged and snapped at her. Startled, and not knowing the bear was caught in a snare, she drew her gun and shot the bear. Shaken, she left the site. Hildreth's wife testified that she believed Hildreth went to the site and collected the snare, which was later found in their cabin.

No witness testified to seeing Hildreth, rather than his wife, kill the bear on or about September 19, 2011. The state's case against Hildreth was based on circumstantial evidence. Circumstantial evidence may form the basis of a conviction. *See State v. Chapple*, 98 Idaho 475, 476, 567 P.2d 20, 21 (1977). Substantial evidence may exist even when the evidence presented is solely circumstantial or when there is conflicting evidence. *State v. Severson*, 147 Idaho 694, 712, 215 P.3d 414, 432 (2009). Even when circumstantial evidence could be interpreted consistently with a finding of innocence, it will be sufficient to uphold a guilty verdict when it also gives rise to reasonable inferences of guilt. *Id.*; *State v. Slawson*, 124 Idaho 753, 757, 864 P.2d 199, 203 (Ct. App. 1993).

4

The jury was presented with evidence that Hildreth owned the snares found at each site and that all of the snares found, both at the snare sites and in Hildreth's cabin, were constructed from the same materials and in the same manner. In addition, the putrid-smelling oil and salt blocks, found both at the snare sites and the Hildreth cabin, further establish that Hildreth was responsible for creating the snare sites. The jury was also presented with a number of photographs, obtained from Hildreth's trail camera and computer, showing Hildreth carrying a rifle at some of the snare sites. The jury is not required to believe the testimony of a witness. One of the primary roles of the jury in its fact-finding mission is to assess the credibility of witnesses. It appears in this case that the jury did not find the defense's witnesses credible with regard to the claim that Hildreth's wife shot the bear, rather than Hildreth. Viewing the evidence in the light most favorable to the prosecution, as we are required, Hildreth failed to show that there was insufficient evidence presented that the jury could reasonably infer that Hildreth, who carried a rifle at the snare sites, was responsible for shooting the bear, despite his wife's testimony to the contrary.

Hildreth failed to show there was insufficient evidence to support the jury's guilty verdict for unlawfully taking wildlife. Therefore, we affirm Hildreth's judgment of conviction for felony unlawfully taking wildlife.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**