## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44394

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 613 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 5, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| JOHN DIXON CLARK, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott L. Wayman, District Judge.

Judgment of conviction for burglary and grand theft, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

John Dixon Clark appeals from his judgment of conviction for burglary and grand theft for breaking into, and stealing from, a vacant residence and its outbuildings. On appeal, Clark asserts there is insufficient evidence to sustain his convictions. Specifically, he argues that the circumstantial evidence is insufficient for a reasonable juror to conclude Clark had previously burglarized or stolen from the premises. For the reasons set forth below, we affirm the judgment of conviction.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Buddy Crabbe and his wife, Katrina Crabbe, were caretakers of real property formerly owned by Katrina's deceased grandfather. The premises contained a house, locked shed, and locked barn. Personal property of the Crabbes as well as property of Katrina's grandfather was

1

stored in the various buildings. Buddy kept a headlamp inside the house. The shed contained Buddy and Katrina's financial transaction cards, as well as other property belonging to Buddy: old license plates; a padlock; a small toolbox with tools, including a screwdriver; and Buddy's driver's license. Finally, Katrina's grandfather's financial transaction cards, war medals and ribbons, and a red ledger were stored in the barn.

In November, Buddy went to check the property and realized all three structures had been burglarized. The house had been broken into, the locks on the shed and barn had been cut, and property was missing from all three buildings.

Buddy and Katrina called the police, left the premises, and returned later that night. The family waited inside the car in the driveway until approximately 12:30 a.m. when the family noticed a vehicle slowly drive past the property. The vehicle returned and pulled into the driveway. This time, Buddy turned his truck's lights on and the vehicle drove away.

The vehicle returned a second time and again entered the driveway. Buddy turned his truck's engine on and the vehicle drove away again. The vehicle then made a U-turn, proceeded back toward the premises, and the passenger in the vehicle shone a light around, waving it directly toward the Crabbe family. The vehicle then proceeded for the third time to pull into the driveway. Buddy drove toward the suspicious vehicle, and the vehicle backed out of the driveway and drove away. Buddy saw the passenger holding the headlamp out of the window of the vehicle as it drove from the premises. Katrina called the police and described the vehicle.

Within five minutes of receiving the call from dispatch, an officer stopped a vehicle matching the description and found Clark sitting in the passenger seat. The vehicle was filled with the stolen property from the house, shed, and barn. Buddy's headlamp was found at Clark's feet. A screwdriver from Buddy's toolbox was in Clark's pocket. Financial transaction cards belonging to Buddy, Katrina, and her grandfather, as well as Buddy's driver's license were located in the center console, which was accessible by either Clark or the driver. The center console also contained the padlock from the shed. Buddy's license plates were in the back of the vehicle. Buddy's toolbox and miscellaneous tools were found in the back seat, along with Katrina's grandfather's ledger. Katrina's grandfather's war medals and military ribbons were found in the glove box on Clark's side. Additionally, police officers found a hammer, black gloves, shaved keys, and a flashlight on the passenger side floorboard of the vehicle.

In response to police questioning about the circumstances, Clark stated that "he was out for a drive," and it was all a misunderstanding. Clark then responded that he did not know anything about the stolen property. But then Clark backtracked and told officers maybe the items came from a garbage sack that Clark and the driver had found earlier that day.

Clark was charged by amended information with burglary and grand theft of a financial transaction card. Following the close of the State's case, Clark filed an Idaho Criminal Rule 29 motion for judgment of acquittal for both charges. The district court denied the motion. The jury found Clark guilty of burglary and grand theft. Clark timely appeals from the judgment of conviction.

## II.

## STANDARD OF REVIEW

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Substantial evidence may exist even when the evidence presented is solely circumstantial or when there is conflicting evidence. *State v. Severson*, 147 Idaho 694, 712, 215 P.3d 414, 432 (2009); *State v. Stevens*, 93 Idaho 48, 50-51, 454 P.2d 945, 947-48 (1969). In fact, even when circumstantial evidence could be interpreted consistently with a finding of innocence, it will be sufficient to uphold a guilty verdict when it also gives rise to reasonable inferences of guilt. *Severson*, 147 Idaho at 712, 215 P.3d at 432; *State v. Slawson*, 124 Idaho 753, 757, 864 P.2d 199, 203 (Ct. App. 1993).

## III.

## ANALYSIS

Clark contends that insufficient evidence was presented at trial to convict him of the crimes charged. He argues that only circumstantial evidence connects him to the stolen property and that to be convicted of the burglary and theft it must be shown that he was in actual possession of stolen goods and actually present at the time the offenses occurred. Clark maintains that the proof at trial failed in this respect and that on the evidence presented no reasonable jury could have convicted him.

Clark's dependence on these contentions is misguided since a conviction can be based exclusively on circumstantial evidence. *State v. Paradis*, 106 Idaho 117, 121, 676 P.2d 31, 35 (1983), *cert. denied*, 468 U.S. 1220 (1984) ("[A] defendant can be convicted solely on circumstantial evidence."); *State v. Chapple*, 98 Idaho 475, 476, 567 P.2d 20, 21 (1977) ("A conviction may be based on circumstantial evidence, and the conclusion of guilt may be based on proof of the circumstances and the probable deductions which flow therefrom."); *State v. Ponthier*, 92 Idaho 704, 708, 449 P.2d 364, 368 (1969) ("[T]his case rests entirely on circumstantial evidence, but this court has on several occasions sustained convictions on the basis of such evidence."); *State v. Hoffman*, 109 Idaho 127, 129, 705 P.2d 1082, 1084 (Ct. App. 1985) ("[C]ircumstantial evidence is a permissible method of proof; indeed, in some cases it may be the only means of establishing guilt.") Further, a defendant's participation in a theft may be inferred from the defendant's unexplained possession of recently stolen property. *State v. Owens*, 101 Idaho 632, 635, 619 P.2d 787, 790 (1979).

The State presented a strong circumstantial case against Clark. Clark's presence and the conduct he was associated with were conspicuous and notable. Clark was placed at the scene where the burglary and theft occurred, in a vehicle containing the stolen property, with stolen property in his pocket, the cut padlock from the shed in the vehicle, and in the company of the person who pled guilty to the burglary and theft. Additionally, the vehicle entered the driveway three times and then retreated when alerted to the caretakers' presence. The caretakers also recorded one of these interactions. Inside the vehicle, officers located the caretakers' license plate, toolbox, and various tools. Officer's also found the caretakers' grandfather's ledger, war medals, and military ribbons in the vehicle. In addition, the vehicle contained financial transaction cards of both caretakers and the grandfather. Moreover, the vehicle held burglary

4

tools including black gloves, shaved keys, a hammer, and a flashlight in the vehicle. Buddy also testified that he saw the passenger of the vehicle shine a headlamp, later identified as Buddy's, from the vehicle. Further, while Clark attempted to explain the circumstances revolving around his presence at the property that evening and the existence of the stolen property in his pocket, he was unable to, providing two varying accounts. The circumstantial evidence presented in this case was more than sufficient to support Clark's judgment of conviction for burglary and grand theft of a financial transaction card.

## IV.
## CONCLUSION

Based on Clark's proximity to the crime scene, position amidst the evidence, actual possession of stolen property, and unconvincing explanation of the situation, any rational factfinder could conclude, as the jury did, that Clark participated in the theft itself. Construing the facts and inferences in the light most favorable to the prosecution and giving weight to the inferences drawn by the jury, we conclude there was substantial evidence supporting the jury's verdict that Clark was guilty of burglary and grand theft. Accordingly, the judgment of conviction is affirmed.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.